813 F.2d 1246
 259 U.S.App.D.C. 125
 ELECTRICAL DISTRICT NO. 1, et al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent, Arizona
Public Service Company, Intervenor.
PAPAGO TRIBAL UTILITY AUTHORITY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Arizona Public Service Company, Intervenor.
 Nos. 83-1627, 83-1656.
 United States Court of Appeals,
District of Columbia Circuit.
 March 20, 1987.
 
 Petition for Review of an Order of the Federal Energy Regulatory commission.
 Melvin Richter was on petitioners', Electrical District No. 7, et al., motion to implement award of attorney fees in No. 83-1627.
 Richard I. Chaifetz was on petitioner's, Papago Tribal Utility Authority, motion to enforce award of attorneys fees in No. 83-1656.
 Michael Schopf, Associate Gen. Counsel and Ellen K. Schall, Asst. Gen. Counsel, Federal Energy Regulatory Commission were on respondent's responses to petitioners' motions in Nos. 83-1627 and 83-1656.
 Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.
 Opinion for the Court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 Over a year ago, another panel of this court ordered the Federal Energy Regulatory Commission (FERC) to pay attorneys' fees to the petitioners under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412 (1982 & Supp. III 1985).[1] In the ensuing months, FERC has refused to comply with the judgment of this court; in view of this failure, the petitioners now move for the enforcement of their awards of fees.[2]
 
 
 2
 FERC argues, as it did before the prior panel, that the agency is barred from paying an award of fees to intervenors if no funds have been earmarked for such payment in a congressional appropriation. The first panel found no merit in FERC's position, and we can find no basis upon which to disagree with the initial judgment of this court. We therefore grant the petitioners' motions to implement the awards of attorneys' fees.
 
 I.
 
 3
 The EAJA authorizes the courts to award reasonable attorneys' fees "in any civil action" to the prevailing party "[u]nless expressly prohibited by statute." 28 U.S.C. Sec. 2412(b) (1982 & Supp. III 1985) (emphasis added). FERC claims that section 502 of the Energy and Water Development Appropriation Act (Appropriations Act)[3] precludes it from disbursing the funds to pay an award. FERC also maintains that the award cannot be paid unless Congress earmarks funds precisely for that purpose. We reject these arguments as patently unmeritorious.
 
 
 4
 To begin with, FERC's claim regarding the applicability of the Appropriations Act finds no support in the statute. Under the Act, FERC is barred from paying fees to compensate intervenors only with respect to "proceedings funded in [the] Act." See note 3 supra. This provision is plainly inapplicable in the instant case because the awards of fees here relate only to the petitioners' expenses incurred in proceedings before this court. Consequently, section 502 cannot be viewed as an exception to EAJA.[4]
 
 
 5
 Furthermore, none of the authority cited by FERC is contrary to our judgment. For example, in Business and Professional People for the Public Interest v. Nuclear Regulatory Comm'n, 793 F.2d 1366 (D.C. Cir.1986), we upheld FERC's denial of a fee request under the administrative portion of EAJA, 5 U.S.C. Sec. 504, with respect to the petitioner's participation in proceedings before the Nuclear Regulatory Commission, but that decision is in complete accord with the judgment we express today. Business and Professional People concerned a request for fees related to an intervenor's expenses arising out of the agency's proceedings which were funded in the Appropriations Act. Therefore, section 502 operated as an exception to EAJA. FERC has cited no other authority that is even worthy of mention.[5]
 
 II.
 
 6
 As the Comptroller General has noted, "[a]gency operating appropriations are available to make payments [to satisfy awards under EAJA] unless otherwise prohibited, for example, by a provision such as section 502."[6] Because section 502 has no bearing on the awards in this case, FERC is obliged to adhere to the earlier judgments of this court. We have never held that the payment of fees otherwise authorized under EAJA is conditioned upon the passage of earmarked congressional appropriations, see, e.g., Hirschey v. FERC, 777 F.2d 1 (D.C. Cir.1985); Hirschey v. FERC, 760 F.2d 305 (D.C. Cir.1985), and we refuse to subscribe to any such limitation in this case.
 
 CONCLUSION
 
 7
 In light of the foregoing, we hereby grant petitioners' requests to enforce the original orders of this court. Respondent is hereby ordered to pay the fee award of $27,006.25 to petitioners Electrical District No. 1, et al., and the fee award of $17,083.75 to petitioner Papago Tribal Utility Authority within thirty days of this order. If the awards are not paid, petitioners may seek an order to show cause from this court and request appropriate sanctions.
 
 
 8
 So ordered.
 
 
 
 [1]
 The court granted the petitioners' applications for attorneys' fees in two separate orders. See Papago Tribal Util. Auth. v. FERC, No. 83-1656 (D.C. Cir. Jan. 7, 1986) (unpublished order) (awarding attorneys' fees in the amount of $17,083.75); Electrical Dist. No. 1 v. FERC, No. 83-1627 (D.C. Cir. Apr. 2, 1986) (unpublished memorandum order) (awarding attorneys' fees in the amount of $27,006.25)
 
 
 [2]
 In awarding attorneys' fees, the prior panel expressly noted that "[i]f and when payment is not forthcoming, petitioners may move for enforcement of our award by whatever means are within our power." Electrical Dist. No. 1, memorandum at 2
 
 
 [3]
 Pub.L. No. 99-141, 99 Stat. 564 (1985). Section 502 states that "[n]one of the funds in this Act shall be used to pay the expenses of, or otherwise compensate, parties intervening in regulatory or adjudicatory proceedings funded in this Act."
 
 
 [4]
 In its response to the petitioners' motions to implement the awards of fees, the Commission acknowledges that section 502 does not prevent "qualified applicants" from receiving EAJA fees, citing Hirschey v. FERC, 777 F.2d 1 (D.C. Cir.1985). We reject any suggestion that "intervenors" should somehow be distinguished from "applicants" under EAJA, and there is absolutely nothing in Hirschey to support such a contention
 
 
 [5]
 FERC seeks to rely on a decision of the Comptroller General, Matter of Availability of Funds for Payment of Intervenor Attorney Fees--Nuclear Regulatory Commission, 62 Comp. Gen. 692 (1983), where the issue concerned "whether section 502 overrides the more general authority of the Equal Access to Justice Act with respect to NRC proceedings." Id. at 694. On its face, this decision is inapposite here because it pertains only to attorneys' fees incurred as a result of an intervenor's participation before the agency and not those specifically incurred in a judicial proceeding to review the agency's substantive order. It is true, as FERC notes, that, in one portion of the decision, the Comptroller General says that "what we have said above with respect to administrative awards applies equally to judicial awards." Id. at 700. But it is clear from the context of this statement that it refers only to "judicial fee awards under [EAJA] to intervenors as a result of their participation in NRC [or other agency] regulatory or adjudicatory proceedings," and not to awards to compensate for attorneys' fees attributable to participation in judicial proceedings. Id. (emphasis added)
 
 
 [6]
 Id. at 700