Mary  Jane  Ruderman
HIRSCHEY, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Long  Lake  Energy
Corporation, Intervenor.

No. 82–2170.

United States Court of Appeals,
District of Columbia Circuit.

Motion March 25, 1983.

Opinion April 19, 1985.

Petition for Review of an Order of the Federal Energy Regulatory Commission.

William J. Kenney and Frank Koszorus, Jr., Washington, D.C., were on petitioner's motion for attys.' fees and expenses.

Andrea Wolfman and Ellen K. Schall, Washington, D.C., were on respondent's response in opposition to petitioner's application for attys.' fees.

Before EDWARDS, and SCALIA, Circuit Judges, and VAN DUSEN,* Senior Circuit Judge, United States Court of Appeals for the Third Circuit.

Opinion for the Court filed by EDWARDS, Circuit Judge.

Opinion concurring in part and dissenting in part filed by SCALIA, Circuit Judge.

On Motion for Attorneys' Fees
and Expenses

HARRY T. EDWARDS, Circuit Judge:

The petitioner, Mary Jane Ruderman Hirschey, seeks an award of attorney's fees and costs as the prevailing party in a case against the Government arising under the Federal Power Act ("FPA").[1] In her initial petition before this court, we upheld Hirschey's claim for an exemption from the licensing requirements of the FPA.[2] It is on this judgment that the petitioner now seeks fees and costs.

We must deny the petitioner's claim for costs as barred by section 317 of the FPA.[3] We find, however, that the petitioner is entitled to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"),[4] for counsel time expended in pursuit of her claim in this court. We remand to the Federal Energy Regulatory Commission ("FERC" or "the Commission") the question whether Hirschey is entitled to attorney's fees for the proceedings before the agency.

I. BACKGROUND

The FPA makes it unlawful to construct, operate or maintain a hydroelectric project without a license.[5] However, under a congressional authorization contained in the Public Utilities Regulatory Policies Act of 1978 ("PURPA"), FERC may in its discretion grant an exemption from the licensing requirements to small hydroelectric power projects.[6] Pursuant to PURPA, FERC has adopted regulations setting forth procedures governing exemption applications.[7]

Hirschey filed an application for an exemption on December 16, 1981. The Commission accepted her application for filing on February 5, 1982, and the exemption was approved by operation of law on June 7, 1982. When no party made a timely request for rehearing before the Commission, the application became unreviewable on July 7, 1982.[8] However, on July 20, 1982, the Commission, *sua sponte*, issued an order vacating the exemption. On Hirschey's petition for review in this court, we found "no legitimate basis" for the Commission's action, and accordingly held that FERC "acted without statutory authorization in vacating the petitioner's exemption."[9] Within 30 days of the issuance of our mandate, Hirschey applied to this court for attorney's fees and costs.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1982).

1. Ch. 285, § 30, 41 Stat. 1077 (1920) (codified as amended at 16 U.S.C. §§ 791a *et seq.* (1982)) (hereinafter cited to the United States Code).

2. *See Hirschey v. FERC,* 701 F.2d 215 (D.C.Cir. 1983).

3. 16 U.S.C. § 825p (1982).

4. 28 U.S.C. § 2412(d)(1)(A) (1982).

5. 16 U.S.C. § 817 (1982).

6. Under section 405(d) of the Public Utilities Regulatory Policies Act of 1978, the Commission may grant exemptions to small hydroelectric power projects having a proposed installed capacity of 5,000 kilowatts or less. 16 U.S.C. § 2705(d) (1982).

7. *See Hirschey,* 701 F.2d at 216–17.

8. 16 U.S.C. § 825*l* (a), (b) (1982). *See Hirschey,* 701 F.2d at 217 n. 2.

9. *Hirschey,* 701 F.2d at 219.

## II. Discussion

### A. *Costs*

The Equal Access to Justice Act provides in relevant part:

> *Except as otherwise specifically provided by statute*, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency....[10]

The Commission argues that costs may not be assessed against the Government in this case because section 317 of the FPA specifically proscribes the assessment of costs against the Commission in judicial proceedings.[11] Hirschey responds that, since we found that FERC acted outside its statutory authority in vacating the license exemption, the Commission did not function under the authority of the Federal Power Act and therefore that Act simply does not apply to this case. Instead, Hirschey contends that the exemption rights at issue in this case are found in the 1980 amendments to PURPA.

■ We reject the petitioner's contentions. In revoking Hirschey's exemption, the Commission purported to rely on its authority under the FPA, citing both section 313(a) of the FPA—which gives FERC the authority to modify or set aside any order or finding until the administrative record is filed in an appellate court[12]—and section 309 of the FPA, which gives FERC the general authority to make and revoke orders, rules and regulations as "necessary or appropriate" to carry out the provisions of the Act.[13] We agree with the Commission that, in the first *Hirschey* decision, the validity of the revocation turned on our interpretation of the Commission's authority under the FPA. Furthermore, it is absolutely clear that our jurisdiction in the case

was rooted in the FPA.[14] Therefore, the petitioner is hard pressed to suggest that this case did not arise under the Federal Power Act.

Because section 317 of the FPA plainly states that "[n]o cost shall be assessed against the Commission in any judicial proceeding by or against the Commission under this Chapter," we deny the petitioner's request for costs.

### B. *Attorney's Fees*

#### 1. *The Alleged Linkage Between Costs and Fees*

The petitioner's claim for fees is grounded in EAJA, which provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[15]

■ As a threshold matter, we consider the question whether EAJA conditions an award of attorney's fees upon an award of costs, thus proscribing an award of fees where costs are disallowed under a separate statute. The Government urges us to adopt this theory of "linkage" between costs and fees on the ground that the language in subsection 2412(d)(1)(A) of EAJA, which permits the prevailing party to recover attorney's fees "in addition to any costs awarded pursuant to subsection (a)," somehow precludes an award of fees when the latter cannot be *added to* an award of costs. In our view, this "linkage" argu-

---

10. 28 U.S.C. § 2412(a) (1982) (emphasis added).

11. 16 U.S.C. § 825p (1982).

12. 16 U.S.C. § 825*l* (a) (1982).

13. 16 U.S.C. § 825h (1982).

14. 16 U.S.C. § 825*l* (b) (1982).

15. 28 U.S.C. § 2412(d)(1)(A) (1982).

ment is based on patently flawed premises and a wholly untenable reading of EAJA.

Upon careful consideration of the issue, we hold that, under EAJA, an award of costs is not a necessary condition to an award of fees. First, the plain language of the statute in no sense compels the conclusion that costs and fees are inseverable. Second, the structure of the statute suggests a clear distinction between awards of costs and fees. Third, we note that several other circuits considering this issue have rejected the "linkage" argument.

On its face, the Government's argument is a thinly veiled attempt to turn the fee *granting* language of subsection 2412(d)(1)(A) of EAJA into *limiting* language that would deny fees unless costs are awarded. In this effort, the Government principally relies on the statutory language that says that fees shall be awarded "in addition to any costs awarded." In our view, the "in addition to" language merely expresses the intent of Congress that, under subsection 2412(d)(1)(A), qualified prevailing parties shall be awarded attorney's fees and, when available, costs as well. Indeed, it is significant that the subsection (d) language *"any* costs" appears to us clearly to embrace a concept of zero costs. We therefore reject the contention that the "in addition to" language must be read as words of limitation.

It is noteworthy that the "in addition to" language stands in striking contrast to certain unambiguous words of limitation in subsection (d)(1)(A). For instance, the provision allows for the award of fees *"[e]xcept as* otherwise specifically provided by statute," in any civil action *"other than* cases sounding in tort," to a prevailing party *"unless* the court finds that the position of the United States was substantially justified." Since it is obvious that Con-

gress knew how to use words of limitation when they were intended, we will not read "in addition to" to mean "but only if" or "so long as." We do not believe that "in addition to" purports any irrevocable linkage between fees and costs, and we will not adopt the Government's tortured reading of the statute in order to reach the result urged upon us.

The structure and history of EAJA also support our interpretation. The predecessor statute to EAJA specified that costs, but not fees, could be recovered.[16] In EAJA, Congress expressly authorized awards of *both* costs and fees, but under distinct subsections and according to different standards. As already noted, subsection 2412(a) provides that costs, but not attorney's fees, "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." The only requirement for an award of costs is that the party requesting costs must have prevailed in a civil action brought by or against the Government. However, an award of fees to a prevailing party under subsection 2412(d)(1)(A) is qualified by the phrase "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The standards for an award of attorney's fees are patently narrower than, and thus distinct from, those for costs.

Furthermore, although hardly dispositive of this case, we note that the legislative history of EAJA nowhere even suggests that the award of fees is predicated upon an awards of costs. If anything, the history emphasizes a distinct and separate treatment of costs and fees under the statute.[17]

---

**16.** 28 U.S.C. § 2412 (1976).

**17.** *See, e.g., Hearings on S. 265 Before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice,* 96th Cong., 2d Sess. 348 (1980). The provisions of S. 265 are almost identical to those of EAJA and the hearings and reports on S. 265 have been cited as a useful

reference on the legislative history of EAJA. *See* Robertson & Fowler, *Recovering Attorneys' Fees From the Government Under the Equal Access to Justice Act,* 56 TUL.L.REV. 903, 905 n. 11 (1982).

*Cf. Bennett v. Dep't of Navy,* 699 F.2d 1140, 1144 (Fed.Cir.1983) (observing that "[i]t therefore seems evident that when Congress enacted

At least three other circuit courts have specifically rejected the Government's "linkage" argument, and have held that an award of fees under subsection 2412(d) of EAJA is not conditioned upon an award of costs under subsection 2412(a). *See United States v. 341.45 Acres of Land, St. Louis County, Minnesota,* 751 F.2d 924, 934 (8th Cir.1984) ("we do not read § 2412(d)(1)(A) to condition an award of attorney's fees and other expenses upon an award of costs"); *Washington Urban League v. FERC,* 743 F.2d 166, 167 n. 1 (3rd Cir.1984) (same); *United States v. 329.73 Acres, Grenada and Yalobusha Counties,* 704 F.2d 800, 808 (5th Cir.1983) (en banc) ("If there is an anomaly in the matter of *court costs,* either intentional or through inadvertence, the anomaly was created by Congress. Such anomaly, if indeed it is one, does not justify our failure as a court to ignore Congress' plainly expressed intention that *attorneys' fees* and *litigation expenses* may be awarded in condemnation cases unreasonably litigated by the government.").[18] We can find no good basis upon which to disagree with the position followed by a majority of the circuits that have considered the issue now before us. Accordingly, we too reject the Government's "linkage" argument.

> the EAJA it considered costs and attorney fees to be distinct concepts").

18. *But see Tulalip Tribes of Washington v. FERC,* 749 F.2d 1367 (9th Cir.1984), the only authority that we have found to support the Government's "linkage" theory. *Tulalip* states:

> Prior to the enactment of EAJA, costs could generally be awarded against the United States but fees were barred. EAJA removed the bar to fee awards by making them available "in addition to ... costs" but did not expressly create a right to fees if the award of costs was barred.

*Id.* at 1369. Along with the majority of circuits considering this issue, we adopt an inverse proposition: EAJA made mandatory a grant of fees in subsection (d) and did not expressly remove the right to fees if costs were barred.

19. There is no serious question here that, according to record documents, Hirschey meets the financial qualifications specified in 28 U.S.C. § 2412(d)(2)(B) (1982) for a fee award pursuant to 28 U.S.C. § 2412(d)(1)(A) (1982).

### 2. *Petitioner's Eligibility for Attorney's Fees Under EAJA*

There can be no serious doubt over Hirschey's eligibility for a fee award in this case. EAJA provides for a mandatory award of counsel fees to a qualified,[19] prevailing party,[20] unless the United States can show that its position was substantially justified or that there were special circumstances making a fee award unjust.[21] The Government bears the burden of demonstrating that its position was substantially justified[22] and we find that the United States has not satisfied that burden here. We also find no special circumstances to preclude an award of fees.

In deciding whether the Government's litigation position was "substantially justified," we focus on whether the Government had a "reasonable basis in both law and fact."[23] We find it had neither. In our original opinion in *Hirschey,* we found "no legitimate basis for FERC's asserted authority," and held that FERC "acted without statutory authorization" in vacating the petitioner's license exemption.[24] As for FERC's argument that it needed to conduct a comparative evaluation of competing license claims, we ruled that "[t]here is nothing in any statute, regulation or proven Commission practice to indi-

20. Hirschey is indisputably a "prevailing party." We awarded Hirschey the relief that she requested. *Hirschey,* 701 F.2d 215. A plaintiff is a prevailing party for the purpose of attorney's fees if she succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

21. 28 U.S.C. § 2412(d)(1)(A) (1982).

22. *Spencer v. NLRB,* 712 F.2d 539, 557 (D.C.Cir. 1983), *cert. denied,* ── U.S. ──, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).

23. *Cinciarelli v. Reagan,* 729 F.2d 801, 805 (D.C. Cir.1984) (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10 (1980)), U.S.Code Cong. & Admin.News 1980, 4953, 4989.

24. *Hirschey,* 701 F.2d at 219.

cate that the petitioner's application could not be granted without a comparative evaluation." [25]  In short, even a cursory review of our first opinion in *Hirschey* makes it plain that this court gave no credit whatsoever to the arguments advanced by the agency.  In this light, it can hardly be urged that the Government's position was "substantially justified."

### 3. *The Appropriate Amount Due in Attorney's Fees for Proceedings at the Judicial Level*

In connection with her application for fees at the judicial level, the petitioner already has submitted to the court certain documentation in support of her claim. FERC, however, has requested a period of discovery in the event we determine—as we do here—that Hirschey is entitled to an award of attorney's fees.  The petitioner has assented to the Government's request for discovery, and we approve.  Discovery will afford the Government an opportunity to assess the petitioner's claim and to frame any objections that it intends to raise with respect to the amount of fees requested.

Within thirty days of the issuance of our mandate here, the petitioner must provide this court with adequate documentation to support her request for attorney's fees, including any request for the fees incurred in the instant proceeding.  In preparing these materials, the petitioner is advised to comply with the documentary requirements outlined in *National Association of Con-*

cerned Veterans v. Secretary of Defense,[26] and in *Environmental Defense Fund, Inc. v. EPA.*[27]  The Government will have thirty days following the submission of the petitioner's documentation within which to conduct any necessary discovery and to respond.  Following the Commission's response, the petitioner will have ten days within which to log her reply.  We will then make our determination as to the amount of fees due.

Because there already has been an inordinate delay in the processing of this claim, we will look with extreme disfavor on any requests for extensions of the prescribed timetable.

### 4. *Petitioner's Entitlement to Attorney's Fees for Proceedings Before the Agency*

As a part of the instant claim for fees, the petitioner has requested an amount in excess of $12,000.00 for counsel representation during the proceedings before FERC.  The Government has opposed this request on the ground that the proceeding before the Commission was not an "adversary adjudication" for which attorney's fees are available under either 5 U.S.C. § 504 [28] or 28 U.S.C. § 2412(d)(3).[29]

 On the claim for fees for proceedings at the agency level, it is clear that the petitioner is a "prevailing party."  In other words, it does not matter that the petitioner's claim was initially rejected by the agency because she was ultimately vindi-

---

**25.** *Id.*

**26.** 675 F.2d 1319 (D.C.Cir.1982).

**27.** 672 F.2d 42 (D.C.Cir.1982).

**28.** 5 U.S.C. § 504(a)(1) (1982) provides:

An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was

substantially justified or that special circumstances make an award unjust.

**29.** 28 U.S.C. § 2412(d)(3) (1982) provides in pertinent part:

In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication ... the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified,

cated in her appeal to this court.[30] It would appear, however, that the petitioner is foreclosed from claiming fees for proceedings before the agency unless those proceedings involved an "adversary adjudication"; and, if there is such a requirement, then it must be determined whether the proceedings before FERC in this case satisfied the "adversary adjudication" condition.

The Commission has not as yet had an opportunity to address the "adversary adjudication" issue, and we find the present record inadequate to support an informed judicial determination on this question. Accordingly, we will remand the petitioner's claim for fees for proceedings at the agency level to allow for initial consideration by FERC. Unless the agency finds that fees are precluded,[31] it should establish a schedule for resolving the amount of fees due Hirschey at that level. The agency's decision will, of course, be subject to judicial review if necessary.[32]

### III. Conclusion

We hold that, although the petitioner is not eligible for an award of costs here, as prevailing party she is entitled to an award of reasonable attorney's fees under EAJA for proceedings at the judicial level. Accordingly, we have established a time schedule within which the Government may engage in any necessary discovery and the parties may proffer submissions concerning the amount of fees due.

As for the petitioner's request for fees for proceedings at the agency level, we remand the matter for consideration and initial determination by the Commission.

*So Ordered*

SCALIA, Circuit Judge, concurring in part and dissenting in part:

I agree with the view of the Ninth Circuit in *Tulalip Tribes of Washington v. FERC*, 749 F.2d 1367, 1369 (9th Cir.1984), and the dissenting opinion of Judge Rubin in *United States v. 329.73 Acres of Land*, 704 F.2d 800, 813, 817 (5th Cir.1983) (en banc), that in requiring the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)," § 2412(d)(1)(A) of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (1982), conditions the award of fees and expenses upon the award of costs. Since I agree with the majority that costs cannot be awarded in the present case by reason of the prohibition in the Federal Power Act, 16 U.S.C. § 825p (1982), which prohibition is not eliminated by the Equal Access to Justice Act, 28 U.S.C. § 2412(a), the recovery of fees and expenses is also barred.

Though I acknowledge that the language "in addition to any costs awarded" is not the clearest way of expressing such a condition, I believe the language bears that

or that special circumstances make an award unjust.

**30.** *Cf. Hoska v. United States Dep't of Army*, 694 F.2d 270, 274 (D.C.Cir.1982) ("[P]etitioner's initial failure to prevail at the administrative appeals stage surely does not bar his recovery of fees for services rendered at that level. The judgment of this court, reversing the prior adverse decision of the [agency], is sufficient to warrant petitioner's request for fees incurred during his administrative appeals.").

**31.** 5 U.S.C. § 504(b)(1)(C) excludes ratemaking and licensing procedures from the scope of the Act. The legislative history makes clear, however, that the exception for licensing proceedings does *not* include license revocation, suspension or modification proceedings. The Senate Report, for example, states:

The definition of "adjudication" for the purpose of this section excludes ratemaking and licensing application hearings which are considered adjudication under section 554 of title 5 for other purposes. However, the exclusion does not extend to proceedings under section 554 involving the suspension, annulment, withdrawal, limitation, amendment, modification or conditioning of a license. A party who prevails in the latter circumstances is entitled to an award of attorney fees under the terms of this section.

S.Rep. No. 253, 96th Cong., 1st Sess. 17 (1979); *see also* H.R. Rep. No. 1418, 96th Cong., 2d Sess. 15 (1980) (similar).

**32.** Any judgment on the question of fees at the agency level will in no manner affect our award of fees for proceedings at the judicial level.

interpretation, which is preferable for two reasons:

(1) It would be extraordinary for Congress to provide for recovery of such items as attorneys' fees and expert witness expenses while positively prohibiting award of the much more basic element of court costs. The statutory scheme should not be interpreted to produce such a result when it is avoidable.

(2) Even without reference to the positive prohibition of costs under the Federal Power Act, § 2412 itself produces a strange result if the subject phrase is not interpreted as a condition. It makes the award of costs, when they are permissible, discretionary (subsection (a)), but the independent award of attorneys' fees and other expenses *mandatory* (subsection (d)(1)(A)). That is, to say the least, an improbable intent. The only way to avoid that result without interpreting the subject phrase as a condition is to say, as did the Eighth Circuit, that the qualifying phrase means that "prevailing parties shall be awarded attorney's fees and, when available, costs as well," *United States v. 341.45 Acres of Land, More or Less,* 751 F.2d 924, 935 (8th Cir.1984)—that is, to interpret the phrase not as conditioning the mandatory grant of attorneys' fees, but as *extending* that mandatory grant to costs. The problem with this interpretation is that the language will not bear it. The qualifying phrase is "in addition to any costs *awarded* pursuant to subsection (a)" (which subsection provides for a discretionary award), *not* "in addition to any costs *awardable* pursuant to subsection (a)."

The legislative history provides no specific answer to this question, but does suggest that Congress regarded the award of costs and the award of expenses as linked —indeed, that Congress sometimes failed to recognize any distinction between the two for purposes of subsection (d). *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12–13 (1980); S.Rep. No. 253, 96th Cong., 1st Sess. 7–9 (1979). The only disposition which the language of the statute will bear

that produces this similar treatment is the interpretation suggested above.