Grant ANTHONY

v.

Otis R. BOWEN, Secretary of H.H.S., et al., Appellants.

No. 87–5342.

United States Court of Appeals, District of Columbia Circuit.

Argued April 25, 1988.

Decided June 7, 1988.

Patricia D. Carter, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Joseph E. diGenova, U.S. Atty. at the time appellants' brief was filed, John D. Bates, R. Craig Lawrence, and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the briefs, for appellants.

Glenn H. Carlson, Washington, D.C., for appellee.

Before BUCKLEY and SENTELLE, Circuit Judges, and PALMIERI,* U.S. Senior District Judge for the Southern District of New York.

Opinion for the court filed by Senior District Judge PALMIERI.

PALMIERI, Senior District Judge:

Otis R. Bowen, the Secretary of the United States Department of Health and Human Services, appeals from an award of attorney's fees made by the United States District Court for the District of Columbia in favor of the Appellee, Grant Anthony, in the sum of $40,645.75. The award resulted from an action brought by Anthony under the Mandamus Act, 28 U.S.C. § 1361 (1982).

## I

On May 10, 1979, Anthony filed a formal administrative complaint with the Equal Employment Opportunity Commission (the "EEOC") alleging race and sex based discrimination by his employer, the United States Department of Health and Human Services (the "agency"). 29 C.F.R. § 1613.214 (1978). In his complaint, Anthony asserted, *inter alia*, that the agency had applied special leave procedures to him in a discriminatory manner, and that the agency had discriminated against him by not selecting him for eighteen "STRIDE" (training program) positions.[1]

On August 12, 1981, after investigating Anthony's complaints, the EEOC propounded a Recommended Disposition of Anthony's complaint. In its Recommended Disposition, the EEOC concluded that there was reasonable cause to believe that the agency had discriminated against Anthony in applying the special leave procedures to

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Anthony had previously made an informal complaint and sought counseling with an Equal Employment Opportunity counselor, as required by 29 C.F.R. § 1613.214(a)(1)(i) (1978).

him. It concluded that there was no reasonable cause to believe the agency had discriminated against Anthony by denying him admission to the STRIDE program. It discussed only the five positions for which Anthony had been rated highly qualified, and did not mention the other thirteen positions in the STRIDE program, all of which he had applied for.

The EEOC's Recommended Disposition was automatically adopted by the agency following the lapse of thirty days, by operation of 29 C.F.R. § 1613.216(c) (1981). In addition, the agency explicitly adopted the Recommended Disposition as its own nearly eight months later, on April 5, 1982.

On April 21, 1982, Anthony requested a hearing with respect to the agency's denial of his claim on the STRIDE program issue. 29 C.F.R. § 1613.218(b) (1981). On December 16, 1982, the EEOC hearing examiner returned the complaint file to the agency without having conducted a hearing, based on the following: (1) "insufficient investigation;" and (2) "no letter of acceptance of Mr. Anthony's Formal Complaint of Discrimination." These reasons were stated in a form letter, with no accompanying opinion or explanation.

On March 9, 1983, the agency transmitted a letter to Anthony, informing him that it "accepted the formal complaint of discrimination" and that it would fully investigate a number of the allegations in the formal complaint, including the special leave issue and the STRIDE issue with regard to the five positions for which Anthony had been rated highly qualified.

Disagreeing with the agency's interpretation of the EEOC's mandate, Anthony, on April 20, 1983, attempted to appeal to the EEOC the agency's decision to reopen its investigation of the special leave issue and its decision not to investigate his complaint of race discrimination with regard to the thirteen STRIDE positions not mentioned in the EEOC's Recommended Disposition.

**2.** There is no indication in the record as to the current status of the agency's investigation into

Only a final agency decision on a formal discrimination complaint may be appealed to the EEOC. 29 C.F.R. § 1613.233(a) (1987). The EEOC therefore denied Anthony's appeal, holding that his "appeal is prematurely filed and is rejected. The Commission notes that the appellant may file an appeal, if he so desires, after he has received a final agency decision on a formal discrimination complaint pursuant to 29 C.F.R. § 1613.233(a) [ (1983) ]." *Anthony v. Department of Health and Human Services* at 1, EEOC Appeal No. 01831594 (December 28, 1983).

Anthony filed suit in the District Court for the District of Columbia on February 6, 1984, asserting jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (1982), and seeking relief under the Mandamus Act, 28 U.S.C. § 1361 (1982), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1982). He challenged the agency's decision as to the scope of the investigation it would conduct on the two issues, but did not and could not seek to litigate the underlying merits of his Title VII complaint which, at the time the District Court rendered its decision on the merits, was still pending. *Anthony v. Bowen,* 674 F.Supp. 876, 877 (D.D.C.1986).[2]

The District Court in that decision held that the agency could not reopen its investigation with regard to the special leave issue. Its decision that the agency need not investigate his non-placement in the remaining STRIDE positions was reversed by this Court in *Anthony v. Bowen,* No. 86–5473, unpublished opinion at 1–3 (D.C.Cir. March 5, 1987) (*per curiam* ) [812 F.2d 13 (Table) ].

In the meantime, and after the District Court had issued its opinion, Anthony moved for an award of an attorney's fee at the rate of $150.00 per hour, pursuant to the attorney's fee provision of Title VII, 42 U.S.C. § 2000e–5(k) (1982), or, in the alternative, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982 & Supp.

Anthony's claims.

III 1985). Anthony amended his attorney's fee application to include the work his attorney did on the appeal after the appellate decision of March 5, 1987.

The District Court granted Anthony's attorney's fee request in its entirety implicitly relying on the Title VII provision, *Anthony v. Bowen*, 674 F.Supp. 876 (D.D.C. 1987), and this appeal followed.

## II

This case serves to underscore the differences between two statutes designed to ease the burden of litigation against the government in certain situations: the attorney's fee provision of Title VII, 42 U.S.C. § 2000e–5(k) (1982),[3] and the Equal Access to Justice Act of 1980, 28 U.S.C. § 2412 (1982 & Supp. III 1985).[4] Both statutes do so by awarding attorney's fees to a party who prevails in a litigation against the United States Government. But the manner in which a party must "prevail" and the method of calculating his remuneration are different under each statute.

 In order to come within the Title VII provision's "prevailing party" requirement, a party seeking an attorney's fee must have "prevailed on the merits" of a discrimination claim by demonstrating actual discrimination in violation of Title VII, *see Grubbs v. Butz*, 548 F.2d 973, 975–76 (D.C.Cir.1976), *cited with approval in Hanrahan v. Hampton*, 446 U.S. 754, 759 n. 4, 100 S.Ct. 1987, 1989–1990, n. 4, 64 L.Ed.2d 670 (construing the Civil Rights Attorney's Fee Act of 1976 to the same effect), *reh'g denied*, 448 U.S. 913, 101 S.Ct. 33, 65 L.Ed.2d 1176 (1980).[5] In contrast, a "prevailing party" for purposes of the Equal Access to Justice Act need only have succeeded "on any significant issue in litigation which achieves some of the benefit sought in bringing suit." *Hirschey v. Federal Energy Regulatory Commission*, 760 F.2d 305, 309 n. 20 (D.C.Cir.1985) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)), *app. after remand*, 777 F.2d 1 (D.C.Cir.1985).

The two statutes also differ significantly in the method of determining the amount of compensation available to parties who properly invoke them. The Title VII provision does not set a limit on the rate of compensation for an attorney whose fee is paid under its auspices. Awards at the rate of $150.00 per hour, as was the case here, are not unheard of. *See Save Our Cumberland Mountains, Inc. v. Hodel*, 826 F.2d 43, 55, 59 (D.C.Cir.1987) (Wald, C.J., concurring in part, dissenting in part), *reh'g en banc granted*, 830 F.2d 1182 (D.C. Cir.1987).

The maximum rate of remuneration for an attorney's fee award under the Equal Access to Justice Act was set in October 1981 at $75.00 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii) (1982 & Supp. III 1985). That rate is adjusted yearly for inflation. *Ibid.; see Massachusetts Fair Share v. Law Enforcement Assistance Administration*, 776 F.2d 1066, 1069 (D.C.Cir.1985); *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 218 (D.C.Cir.1984).

---

3. That provision reads:
 § **2000e–5(k). Attorney's fee; liability of Commission and United States for costs**
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

4. The Equal Access to Justice Act reads, in part:
 § **2412. Costs and fees**
 (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

5. The 1976 Civil Rights Attorney's Fee Act was patterned on the attorney's fee provisions of the Civil Rights Act of 1964, including that contained in Title VII. *Hanrahan v. Hampton, supra*, 446 U.S. at 758 n. 4, 100 S.Ct. at 1989–1990 n. 4 (*citing* S.Rep. No. 94–1011, p. 2 (1976); H.R.Rep. No. 94–1558, p. 5 (1976)), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5909.

■ In granting Anthony's fee request in its entirety, the District Court implicitly relied upon the attorney's fee provision of Title VII: it based the award on a rate of $150.00 per hour and discussed the Supreme Court's opinion in *Hanrahan.* Because we find that Anthony has not prevailed on the merits within the purview of the applicable statutory provision, 42 U.S.C. § 2000e–5(k) (1982), we must vacate the District Court's judgment.

The record contains no mention of the final disposition of Anthony's actual Title VII claims. We can only assume that investigation and resolution of those claims are not yet final. It was for that reason that the EEOC held that Anthony's appeal was premature under 29 C.F.R. § 1613.233(a), and that both the District Court and this Court held that Anthony's claims did not arise under Title VII. Instead, we held that Anthony was entitled to relief pursuant to the Mandamus Act, 28 U.S.C. § 1361 (1982). The District Court's final order directed the agency to pursue its *investigation* of Anthony's civil rights claims regarding certain issues and not to investigate others.

Having chosen to invoke the Federal Court's mandamus jurisdiction, Anthony cannot at this time present himself as having prevailed on the merits of his Title VII claim. As is made clear by *Hanrahan* and *Grubbs,* the claimant's proof of a civil rights violation is a prerequisite to an attorney's fee award under 42 U.S.C. § 2000e–5(k).

Anthony's argument that he won everything he sought in this litigation confuses the "prevailing party" requirement of the Title VII provision with that of the Equal Access to Justice Act. The kind of victory Anthony won comports with an award under the Equal Access to Justice Act. *Hirschey v. Federal Energy Regulatory Commission, supra,* 760 F.2d at 309 n. 20. No matter how successful he was in litigating the issues he came to court to redress, he cannot come within the Title VII provision without having established a Title VII violation. *Hanrahan, supra; Grubbs, supra.*

Anthony attempts to avoid this requirement by arguing that the Mandamus Act is merely a jurisdictional vessel, and that since he furthered the substantive goals of Title VII, he should be entitled to an award under the Title VII provision. The clear import of *Hanrahan* and *Grubbs* leaves no room for that argument. The plaintiffs in *Hanrahan* surely furthered the substantive goals of the civil rights laws by obtaining a reversal on appeal of the directed verdicts that had been erroneously rendered against them. *See Hanrahan, supra,* 446 U.S. at 755, 100 S.Ct. at 1988. Despite that fact, the Court said that "it seems clearly to have been the intent of Congress to permit [the award of fees *pendente lite* ] only to a party who has established his entitlement to some relief on the merits of his [civil rights] claims, either in the trial court or on appeal." *Id.* at 757, 100 S.Ct. at 1989. Just as the plaintiffs in *Hanrahan* had not yet established the validity of their civil rights claims, Anthony has not yet established the validity of his. He has won the right to have his STRIDE claims investigated. He has won the right to preclude further investigation of his special leave procedures claim. Those victories, without more, cannot establish his success on the merits of either claim. No final disposition at any administrative level of any of his Title VII claims appears in the record. At a minimum, the remaining administrative investigation and hearing must take place first. Anthony is not, therefore, entitled to an award under the Title VII provision.

However, for purposes of the Equal Access to Justice Act, Anthony is a prevailing party in this litigation. *Hirschey v. Federal Energy Regulatory Commission, supra,* 760 F.2d at 309 n. 20. He came to court seeking interlocutory supervision of the administrative processing of his discrimination claims. He sought to prevent further investigation of one claim, and won. He sought to force investigation of other claims, and won.

Basing its award upon the Title VII provision, the District Court did not reach the issue whether the government's position was "substantially justified" as is required

under the Equal Access to Justice Act. *See, e.g., Federal Election Commission v. Rose,* 806 F.2d 1081, 1086–92 (D.C.Cir. 1986).

We therefore vacate the judgment of the District Court and remand for determination of Anthony's entitlement to an attorney's fee award under the Equal Access to Justice Act, and for entry of an appropriate order.