Grant ANTHONY, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary, U.S. Department of Health and Human Services, et al., Appellees.

No. 91–5097.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 19, 1992.

Decided Jan. 15, 1993.

Glenn H. Carlson, Washington, DC, for appellant.

Patricia D. Carter, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, DC, were on the brief, for appellees.

Before WALD, SILBERMAN and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Grant Anthony appeals a decision of the district court denying him attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, for work done on a prior appeal in which Anthony did not prevail on any contested issue. Based on the Supreme Court's directive that a "reasonable" fee must be calculated with reference to the results obtained, we affirm the judgment of the district court.

## I.

This appeal is at the tail end of a protracted dispute. In 1979, Grant Anthony,

an employee of the Department of Health and Human Services ("HHS"), filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that HHS discriminated against him on the basis of race and sex in (1) applying "special leave" procedures to him and (2) passing him over for certain training program positions. Several years later, dissatisfied with how the HHS/EEOC investigation of his claim was proceeding, Anthony brought a mandamus action in federal district court. In that suit, Anthony complained that HHS was failing to inquire into possible discrimination as to *all* of the training program jobs for which Anthony had applied, and that HHS had improperly reopened its probe of his special leave procedure claim after it had previously adopted the EEOC's finding of probable discrimination against him. Anthony ultimately prevailed on both those issues. *See Anthony v. Bowen*, No. 86–5473, slip opinion ("slip op.") at 4a (D.C.Cir. March 5, 1987) [812 F.2d 13 (table)] (unpublished opinion); *Anthony v. Bowen*, 674 F.Supp. 876, 880 (D.D.C.1986).

Attempting to reap the full benefits of his victory, Anthony sought reimbursement of attorney's fees at the rate of $150 per hour for all work performed during the federal court litigation. He asserted two statutory grounds for this request: Title VII's fee provision, 42 U.S.C. § 2000e–5(k),[1] and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] These provisions differ in the degree of their generosity in reimbursing successful litigants for attorney's fees: while there is no statutory cap on the rate of reimbursement of fees under Title VII, a party may generally only receive $75 per hour plus a cost of living adjustment under EAJA. *See* 28 U.S.C. § 2412(d)(2)(A).

The district court, finding that Anthony was entitled to fees under Title VII, originally granted his fee request in full. *See Anthony v. Bowen*, No. 84–0385, slip op. at 1–3 (D.D.C. July 29, 1987). HHS appealed that determination to this court, contesting Anthony's entitlement to fees *under Title VII*, rather than under the somewhat stingier EAJA. This court found that Title VII did not apply because Anthony's district court action did not arise under Title VII; it was a mandamus action in which he won the right to preclude further investigation of some claims at the agency level and to force investigation of others, not a Title VII action in which he prevailed on the merits of a discrimination claim. Accordingly, he could not satisfy the "prevailing party" requirement of the Title VII fee provision. *See Anthony v. Bowen*, 848 F.2d 1278, 1282 (D.C.Cir.1988). At the same time, however, we found that Anthony *was* a "prevailing party" *under EAJA* because he had attained precisely the results he sought in district court. *See id.* The case was remanded for the district court to decide the remaining question relevant to eligibility for EAJA fees—whether HHS's position before the agency and in court was "substantially justified," 28 U.S.C. § 2412(d)(1)(A). *See* 848 F.2d at 1282–83.

The district court first determined that the government's position *on the merits* of the procedural questions litigated in court was not substantially justified, *see Anthony v. Sullivan*, No. 84–0385, slip op. at 12–22 (D.D.C. Sept. 11, 1989), and awarded EAJA fees to Anthony for his attorney's work on the merits of the litigation. *See*

---

1. This provision states:

    In any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

2. EAJA reads in pertinent part:

    Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

    28 U.S.C. § 2412(d)(1)(A).

*id.* at 25–26. The court subsequently found, however, that Anthony did not deserve fees for work done on the earlier attorney's fees appeal to this court because the government's position *on that appeal* was substantially justified. *See Anthony v. Sullivan,* No. 84–0385, slip op. at 6–7 (D.D.C. Feb. 22, 1991). Anthony now appeals that decision.

## II.

■ There are two threshold requirements for attorney's fees eligibility under EAJA: the private party must have "prevailed"—succeeded on a significant issue in litigation that achieves some of the benefits the party sought in bringing suit, *see Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)—and the government must not be able to demonstrate "substantial justification" for the position it took before the agency or in court.[3] The Supreme Court has said that each of these questions is to be decided only once during the course of any suit; a single decision as to that element governs eligibility for fees for the entire action. *See Commissioner, INS v. Jean,* 496 U.S. 154, 160, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990) ("The single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' thus operates as a one-time threshold for fee eligibility."). Thus, once a court determines that the government's position on the merits of the litigation is not substantially justified, it may not revisit that question as to any component of the dispute. *See id.; see also id.* at 161–62, 110 S.Ct. at 2320 ("Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA ... favors treating a case as an inclusive whole, rather than as atomized line-items."). By inquiring into whether the government's position *on the fee question* was substantially justified after having already determined that the government's position on the mer-

its was not substantially justified, the district court diverged from the Supreme Court's instructions in this regard. The court should have found, on the basis of its earlier decision that the government's position was not substantially justified, that Anthony had satisfied the threshold requirements for fees for the whole of the civil action, including the prior fee litigation.

■ But that is not the end of the road for Anthony or, in most cases, for the district court. Even if an applicant meets the threshold EAJA requirements, he can collect only a "reasonable" fee. *See Jean,* 496 U.S. at 161, 110 S.Ct. at 2320. Ordinarily then, we would remand to the district court to determine a "reasonable" fee for the prior fee litigation, the only aspect of the district court action for which Anthony has not yet been compensated. But, because Anthony achieved no success at all in that part of the litigation, we see no need for a remand. The calculation of a reasonable fee under EAJA is governed by *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *see Jean,* 496 U.S. at 161, 110 S.Ct. at 2320, which requires a district court to look primarily to the results obtained in calculating an appropriate fee. *See Hensley,* 461 U.S. at 434–36, 103 S.Ct. at 1939–41. *Hensley* says loud and clear that when a party has obtained no favorable results in a particular aspect of a litigation, that party may receive no fee for work on that part of the case. Thus, even though the district court generally has wide discretion in calculating an appropriate fee, *no* fee may be granted for work done on claims on which the party did not prevail, unless the unsuccessful claims were submitted as alternative grounds for a successful outcome that the plaintiff did actually achieve. *See id.* at 435, 103 S.Ct. at 1940 ("The congressional intent to limit awards to prevailing parties requires that ... unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be

---

**3.** Actually, there is a third question: whether the government can demonstrate "special circumstances [that] make an award unjust," 28 U.S.C. § 2412(d)(1)(A). That affirmative defense has not been raised in this case.

awarded for services on the unsuccessful claim.").

■ This bright-line exclusion of fee reimbursement for unsuccessful aspects of a case was specifically applied to fee litigation by *Jean.* There, the Court said:

Because *Hensley v. Eckerhart,* 461 U.S. 424, 437 [103 S.Ct. 1933, 1941, 76 L.Ed.2d 40] (1983), requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, *fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.* For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate.

*Jean,* 496 U.S. at 163 n. 10, 110 S.Ct. at 2321 n. 10 (emphasis added). That statement, applied to this case, means that the district court would be abusing its discretion if it awarded *any* fee for the unsuccessful appeal defending Title VII-based fees. As Anthony's attorney conceded at oral argument, Anthony "fail[ed] to prevail" in all contested aspects of the prior fee litigation. The clear import of *Jean* in such a circumstance is that "fees for [that] fee litigation should be excluded." Accordingly, Anthony may receive no attorney's fees for his efforts in the prior appeal to this court.[4]

CONCLUSION

Grant Anthony may not receive reimbursement for attorney's fees incurred in an unsuccessful attempt to protect an earlier fee award. The barrier to such a fee award is not the substantial justification for the government's position during the fee appeal, but, rather, the Supreme Court's directive that fee reimbursement for work that attains no results for the client is not "reasonable." On this latter ground, the judgment of the district court is

*Affirmed.*

---

**4.** Anthony raises, albeit almost in passing, a second issue. Because HHS acknowledged that he had "prevailed" at the administrative level on the "special leave" question, Anthony moved to supplement his complaint to request the differential between Title VII and EAJA fees for his attorney's earlier work in the district court on that merits issue, arguing that he had now "prevailed" on the merits of a discrimination claim. The district court never addressed Anthony's motion, but implicitly denied it by dismissing the case in its entirety. *See Anthony v. Sullivan,* No. 84–0385, slip. op. at 7 (D.D.C. Feb. 22, 1991). Anthony's argument on this point is without merit. Title VII fees are only available when a party prevailed in an action or proceeding arising under Title VII, *see supra* note 1, and this court has already decided that the district court action did not arise under Title VII and that Anthony did not prevail on a Title VII claim in the district court. *See* 848 F.2d at 1282. That being the law of the case, he cannot now substitute a different theory at this late stage.