**Dian L. CASTLE, Plaintiff,**

v.

**Lloyd M. BENTSEN, Secretary of the Department of Treasury, Defendant.**

**Civ. No. 93–2643 (CRR).**

United States District Court, District of Columbia.

Jan. 23, 1995.

See also 872 F.Supp. 1055.

Michael Kator and Tracy Hilmer of Kator, Scott, & Heller, Washington, DC, for plaintiff.

Madelyn E. Johnson and Sherri L. Evans, Asst. U.S. Attys., along with Eric H. Holder, Jr., U.S. Atty., and John D. Bates, Asst. U.S. Atty., for defendant; Larry J. Stein, Sr. Trial Atty., Office of the Comptroller of the Currency, Washington, DC, of counsel.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court are the Plaintiff's Petition for Award of Attorney Fees and Costs, the Plaintiff's Supplement to Petition for Award of Attorney Fees and Costs, as well as the Defendant's respective responses thereto. The Plaintiff seeks a total of $204,-461.25 in fees and $9,958.39 in costs in her original fee application, and an additional $5,922.50 in fees and $815.32 in costs in her supplemental application. In response to the original application, the Defendant submits that the Plaintiff's request should be reduced by at least $24,452.50 in fees and $6,186.50 in costs. In response to the supplemental application, the Defendant contends that the Plaintiff's request for fees should be reduced by $1,837.50 and that she should not be able to recover any of the costs she seeks.

Upon careful consideration of the Plaintiff's fee petition, as supplemented, as well as the Defendant's responses thereto, the applicable law, and the entire record herein, the Court finds that the Plaintiff shall be awarded $185,166.25 in attorneys' fees and $4,020.98 in costs for the above-captioned litigation. The Court finds these amounts to be fair and reasonable.

### BACKGROUND

The Plaintiff, Dian L. Castle, was employed with the Office of the Comptroller of the Currency ("OCC") from February 11, 1991 to January 10, 1992, on which date she was terminated during her probationary period. Tr. Exh. 19. On December 30, 1993, the Plaintiff filed a Complaint alleging, in pertinent part, intentional discrimination on the basis of her sex and retaliation under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e–2 *et seq.*, as well as handicapped discrimination under Section 501 of the Rehabilitation Act of 1973, *as amended,* 29 U.S.C. § 791 *et seq.* By Order entered November 2, 1994, at the close of the Plaintiff's case-in-chief, the Court granted the Defendant's Motion for Judgment of a Matter of Law on the Rehabilitation Act claim, but denied the motion with respect to the Title VII claim. A jury trial was held on the Plaintiff's claims of sex discrimination and retaliation. On November 4, 1994, the jury returned a verdict finding that the Plaintiff had proved, by a preponderance of the evidence, each element of her claim of sex discrimination, but found that the Plaintiff had not proved her retaliation claim. The jury awarded the Plaintiff $75,000 in compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

On November 4, 1994, counsel for both parties entered into an oral stipulation that any and all unresolved issues concerning backpay, front pay and reinstatement shall be committed to the sole and sound discretion of the Court, sitting without a jury, to be determined on the basis of the entire record. On November 7, 1994, a hearing was held on the issue of the Plaintiff's entitlement to such equitable relief. In a Memorandum Opinion entered November 8, 1994, the Court found that the Plaintiff was entitled to backpay until September 30, 1992, the date upon which the Defendant discovered evidence of the Plaintiff's plagiarism of the book entitled *The Coach* and other on-the-job-training materials. The Court further found, in the exercise of its equitable discretion, that the Plaintiff was not entitled to front pay or reinstatement. Pursuant to the Court's Or-

der of even date, the parties filed a Stipulation on November 17, 1994 as to the precise amount of backpay the Plaintiff may recover pursuant to the Court's findings.

Thereafter, the Plaintiff filed a Motion to Amend Judgment and the Defendant filed a Motion for Judgment Notwithstanding the Verdict. As set forth in the Court's Memorandum Opinion and Order entered January 18, 1995, the Court denied both motions. The only matter which remains to be resolved in this lengthy litigation is the instant fee petition as supplemented.

### DISCUSSION

■■■ The principles governing the Court's award of attorneys' fees and costs are not in dispute. Title VII authorizes an award of attorneys' fees and costs to the "prevailing party." 42 U.S.C. § 2000e–5(k). In determining a "reasonable" fee award, the Court must first ascertain the appropriate "lodestar" rate by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Anthony v. Sullivan,* 982 F.2d 586 (D.C.Cir.1993). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434, 103 S.Ct. at 1939 (quoting S.Rep. No. 94–1011, p. 6 (1976)). Furthermore, the fee applicant must exercise "billing judgment," such that " '[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) (en banc)).

■■■ Identification of the lodestar rate, however, does not end the Court's inquiry. "There remain other considerations which may lead the district court to adjust the fee

upward or downward, including the important factor of 'the results obtained.'" *Id.* "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though [s]he succeeded on only some of [her] claims for relief." *Id.* In addressing this situation, the Court must consider, first, whether the claims upon which the Plaintiff lost were unrelated to the claims upon which she succeeded and, second, whether the Plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.*

Under these principles, the Court must first determine the appropriate lodestar rate. In a Praecipe filed on January 13, 1995 following a telephonic status call held on that date, the Plaintiff submits that the total number of hours worked by her counsel on this case was 1,020.75—a figure which includes 7.1 paralegal hours—and that upon multiplying this figure by the various hourly rates applicable to each attorney or paralegal who worked on the case, the appropriate lodestar is $210,383.75. In a response submitted to the Court on January 18, 1995, the Defendant represents that he has no objection to the hourly rates charged. The Defendant further contends, however, that the number of hours should be reduced for the reasons set forth in the Defendant's Response to the Plaintiff's Petition.

The Defendant urges a reduction of the total fees and costs requested by the Plaintiff for hours not "reasonably expended." On this subject, the *Hensley* Court observed that "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . ." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40.

In the instant case, the Defendant submits a list of objectionable expenses, some of which, in the Court's view, fall into the category of charges not "reasonably expended."[1]

---

1. The Court has spent a considerable amount of time on the Plaintiff's fee application, including an independent review of the table of services rendered. The Court observes that the Defendant has been extremely generous and fair in his

request for a reduction in the lodestar claimed by the Plaintiff, as the Court could likely be persuaded that the attorney time spent for various tasks not challenged by the Defendant was excessive.

First, the Defendant argues that $11,310.00 to prepare for an administrative hearing which the Plaintiff cancelled, and $882.50 to pursue an unsuccessful complaint to bar counsel during the administrative proceedings, are not compensable fees. The Court also finds these fees unreasonable and shall exclude them from the Plaintiff's recovery. Time spent on matters unrelated to the issues in the litigation cannot be claimed and, based on the Plaintiff's documentation of the hours billed for these services, the Court cannot find that they in any way contributed to the litigation before this Court. *See Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir. 1993).

Further, the Defendant argues that $3,317.50 of fees should be excluded, as they are billed "for nothing more substantive than conferring with counsel." Response, at 5. The Defendant observes that this excessive amount was likely caused by the fact that three different attorneys were assigned to this case during its pendency. Although the Court agrees with the Defendant's reasoning, it finds that the Plaintiff is entitled to some fees for such services, and the Court finds that $875.00, for five hours of meetings between the Plaintiff's counsel at the lowest attorney billing rate, is fair and reasonable. Accordingly, the Court shall exclude $2,442.50 in such fees on the grounds that they were not reasonably expended.

Next, the Defendant asserts that $360.00 for "unknown or inadequately explained expenses, specifically, 'appeal violations' and matters involving the 'IRS'" must be excluded. *Id.* The Court agrees. As *Hensley* made clear, where the documentation of hours is inadequate, recovery for such hours is justifiably denied. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The description accompanying the $360.00 fee request mentioned above is too vague to warrant reimbursement. *See also Fordice,* 7 F.3d at 457 ("[T]he court should exclude all time that is ... inadequately documented.").

The Defendant further urges that $187.50 for clerical tasks such as "organizing files" should be excluded. The Court concurs that hours for such work cannot reason-

ably be billed to a client at attorney rates and, in turn, cannot be charged to the Government.

The Defendant also seeks to exclude $3,300.00 for unsuccessful motions to the Court. The Court must agree that the Plaintiff cannot recover $1,225.00 for her motion to modify the Court's Order requiring direct testimony by declarations or $700.00 for her motion for a protective order to preclude the Defendant from obtaining the Plaintiff's employment records from Bell South. The Court cannot find that these pre-trial motions, which the Plaintiff lost, were in any way related to the relief obtained. However, the Court shall sanction recovery of $1,375.00 for the Plaintiff's efforts to preclude or limit the use of after-acquired evidence of misconduct, as this motion involved novel and unsettled questions of law which the Court grappled with throughout the trial.

In addition, the Defendant argues that $315.00 for completion of the Court's one-page pretrial certification form is excessive. The Court agrees and finds that $50.00 for this service is reasonable.

Next, the Defendant asserts that $420.00 for review of the new Federal Rules of Civil Procedure is unreasonable. The Court could not agree more. Such time spent maintaining competency to practice law is part of the "cost of doing business," and cannot reasonably be charged to a client or, under these circumstances, the public fisk.

Lastly, under *Hensley* and its progeny, the Court must look to the results obtained to determine whether a further increase or reduction of fees is warranted, particularly where the Plaintiff did not prevail on all of her claims. *Hensley,* 461 U.S. at 435–37, 103 S.Ct. at 1940–41. Under this category, the Defendant seeks to exclude $3,760.00 for attorney time devoted to the Plaintiff's claim under the Rehabilitation Act, as the Court granted the Defendant's Motion for Judgment as a Matter of Law at the close of the Plaintiff's case-in-chief with respect to this claim. The Plaintiff argues that the time spent on this claim was related to the Plaintiff's Title VII claim, but the Court can-

not agree. The Court found that a reasonable jury could not find that the Plaintiff's anemia rendered her handicapped within the meaning of the Rehabilitation Act, and the Court cannot now find that the Plaintiff's anemia had anything to do with her sex discrimination claim. Moreover, the jury's damage award was hardly substantial in view of the total discretion it was afforded on this issue. Indeed, the Plaintiff expended well over twice as much money in attorneys' fees and costs in her effort to secure this limited relief. Accordingly, as the Rehabilitation Act claim is unrelated to the Plaintiff's sex discrimination claim, and in view of the overall relief obtained, the Court finds that the Plaintiff's fee award must be reduced by the amount urged by the Defendant.

■ With respect to the Supplement to the Plaintiff's Petition, the Court observes that the Plaintiff seeks a total $2,837.50 in attorneys' fees for the preparation of the Plaintiff's 8–page opposition to the Defendant's Motion for Judgment Notwithstanding the Verdict, a motion which raised no novel or difficult questions of law and, in fact, merely focused on one prong of the Plaintiff's prima facie case under *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Court finds this sum strikingly excessive and unreasonable. Instead, the Court finds that a total of five hours for research and preparation of the motion at the lowest attorney rate, and one half hour for review of the same by a partner, is more than reasonable. Accordingly, the Plaintiff shall recover only $1,010.00 in fees for the preparation her opposition to the Defendant's JNOV motion.

■ The Court also agrees with the Defendant that the Plaintiff is not entitled to recover fees for her Motion to Amend Judgment which largely constituted a resuscitation of arguments briefed, heard and rejected by the Court during the trial. The Plaintiff provided the Court with a copy of *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1987) during the trial, albeit in an untimely and hurried fashion, and much of the remainder of the Plaintiff's Motion to Amend Judgment flatly contradicts her counsel's representations to the Court on the

record regarding the Court's authority to determine equitable relief based on the whole record. Accordingly, the Government shall not be required to shoulder the $1,837.50 charged for this largely redundant post-verdict motion.

■ With respect to costs, there is authority for the Defendant's position that a prevailing party in a civil rights suit may recover only those costs that are taxable under 28 U.S.C. § 1920. *See Goostree v. States of Tenn.,* 796 F.2d 854, 864 (6th Cir. 1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987). However, other courts have held that the statute was not intended to be all-inclusive, characterizing the test for expansion as whether the costs sought were "entirely essential for the proper consideration and determination of the case." *Com. of Pa. v. Local Union 542, Intern. Union of Operating Engineers,* 507 F.Supp. 1146, 1153 (D.C.Pa.1980). In other words, as the Plaintiffs assert, the question is whether the costs asserted are reasonable.

■ On this basis, the Court has reviewed the Plaintiff's Petition and Supplemental Petition. As a preliminary matter, the Court shall not award any costs where the documentation is inadequate. *See Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. Thus, the Court shall not award costs for general unspecified expenses such as "duplicating," "courier," "long distance messenger," "telephone conference," "local travel," "travel," "Gabrell & Stoltz," and "Westlaw" fees where the Plaintiff has not made clear the purposes for which each of these charges was incurred so as to provide the Court with sufficient information for determining whether the fees were necessary for use in the case. In addition, the Court shall not reimburse expenses it considers unreasonable, such as $677.00 for telecopier costs. The Court shall, however, award the Plaintiff the remainder of the costs sought.

## CONCLUSION

For the foregoing reasons, the Plaintiff shall be awarded reasonable attorneys' fees

in the amount of $185,166.25 and costs in the amount of $4,020.98.