James R. COOK, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1535.

United States Court of Veterans Appeals.

Decided Feb. 16, 1994.

Andrew H. Marshall (Non–Attorney Practitioner) and Ronald L. Smith, Washington, DC, were on the pleadings for appellant.

Mary Lou Keener, General Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Special Asst. to the Asst. Gen. Counsel, and Paul J. Hutter, Washington, DC, were on the pleadings for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, JJ.

STEINBERG, Judge:

The appellant, veteran James R. Cook, has applied for attorney fees and court costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in connection with the representation of the appellant in this Court by Andrew H. Marshall, a non-attorney practitioner not supervised by an attorney, in *Cook v. Brown*, 4 Vet.App. 231 (1993).

In that case, the Court reversed the decision of the Board of Veterans' Appeals (BVA or Board) with regard to two claims. In response to the appellant's application, the Secretary has filed a brief, arguing that, absent an express waiver of sovereign immunity permitting recovery of attorney fees for unsupervised non-attorney practitioners, the appellant cannot recover attorney fees. In his reply brief, the appellant argues that EAJA should be broadly construed by this Court as allowing attorney fees for representation provided by a non-attorney practitioner not supervised by an attorney. The appellant's EAJA application also requests attorney fees both for the work of an attorney in preparing the application itself ("fees for fees" and "fees for 'costs' or 'expenses'") and reimbursement of court costs. For the reasons set forth below, the Court will dismiss the application insofar as it seeks EAJA attorney fees under 28 U.S.C. § 2412(d) and costs under 28 U.S.C. § 2412(a), deny it insofar as it seeks "fees for fees" under 28 U.S.C. § 2412(d), and grant it insofar as it seeks expenses and "fees for expenses" under 28 U.S.C. § 2412(d).

## I. Background

Because the history of this case is set forth in *Cook*, 4 Vet.App. at 231–36, the background facts will be restated only in relation to the EAJA application. In June 1991, the BVA denied the appellant's claims for service connection for a nervous disorder and duodenal ulcer. In September 1991, Mr. Marshall, a non-attorney practitioner, admitted to practice before this Court under Rule 46(b)(2) of the Court's Rules of Practice and Procedure, filed the appellant's Notice of Appeal with the Court; at the same time, he filed a Notice of Appearance as the appellant's representative in the appeal. Mr. Marshall is employed by the Disabled American Veterans (DAV), a nonprofit veterans service organization (Application of Appellant, Affs. of Andrew H. Marshall (pt. 1) and of Russell C. Ferneding (pt. 2)) chartered by the Congress, 36 U.S.C. § 90a, and recognized by the Secretary to represent claimants for VA benefits before the Department of Veterans Affairs (VA), 38 U.S.C. § 5902(a)(1). Mr. Marshall submitted a brief for the appellant in

January 1992 in *Cook, supra*. In March 1993, the Court issued a panel opinion reversing the Board's decision and holding that the Board's denial of service connection for the appellant's nervous disorder claim and its finding that an ulcer had not arisen within one year after service were "clearly erroneous" and remanding those matters to the Board for adjudication of the respective degrees of disability. *See Cook*, 4 Vet.App. at 238.

On June 11, 1993, the appellant filed with the Court an EAJA application for attorney fees under 28 U.S.C. § 2412(d) and court costs under 28 U.S.C. § 2412(a). That application was signed by Mr. Marshall as well as by attorney Ronald L. Smith, a member of this Court's bar and also an employee of the DAV. The application seeks fees for 29 hours of Mr. Marshall's work (and for no other representative's work) in the successful representation of the appellant in the underlying *Cook* appeal and seven hours of Mr. Smith's work in preparing the EAJA application itself. Application, Marshall Aff. at 3, Smith Aff. at 2. Mr. Marshall's representation of the appellant in the underlying *Cook* appeal, 4 Vet.App. at 282, was apparently carried out without the supervision of an attorney licensed to practice law in the United States and admitted to practice before this Court, and only Mr. Marshall signed the brief or entered an appearance for the appellant in that appeal. Although neither the appellant's application nor his reply brief explicitly states that Mr. Marshall was not supervised by an attorney in his representation of Mr. Cook in the underlying case, the parties have, in effect, stipulated that fact.

In July 1993, the Secretary filed a motion to stay proceedings pending the Court's decision in *Cerullo v. Brown*, No. 89–2, which could have presented, inter alia, one of the issues presented here. (*Cerullo* was recently disposed of on other grounds. *Cerullo*, U.S.Vet.App. No. 89–2, 1994 WL 19984 (Jan. 13, 1994) (mem. decision).) The Court denied the Secretary's motion that same month and ordered the Secretary and the appellant to file briefs. On August 24, 1993, the Secretary filed his response in opposition to the application. On October 15, 1993, Mr. Marshall, for the appellant, filed a reply. No EAJA application for the filing of the reply brief has been submitted to date.

This case presents three questions: (1) May this Court award attorney fees under 28 U.S.C. § 2412(d)(1) on account of the representation before the Court by a non-attorney practitioner (operating without an attorney's supervision, employed by a national veterans service organization chartered by the U.S. Congress and recognized by the Secretary of Veterans Affairs for the purpose of representing claimants before VA in a successful appeal; (2) may this Court award court costs under 28 U.S.C. § 2412(a) as "costs" or under 28 U.S.C. § 2412(d) as "expenses"; and (3) may this Court under section 2412(d) award attorney fees for the representation by an attorney (here Mr. Smith) in an unsuccessful EAJA attorney-fee application, or for his representation in a successful EAJA expenses or costs application?

At the outset, the Court stresses what is *not* involved here. As the Secretary aptly stated in his brief:

> Counsel for the Secretary is mindful of the contributions made by non-attorney practitioners, particularly veterans service organization ... practitioners before VA and this Court. Likewise, counsel readily acknowledges Mr. Marshall's accomplishments and professional qualifications to represent appellants before this Court. The question presented before the Court, however, is not whether non-attorney practitioners admitted to practice before the Court pursuant to U.S.Vet.App.R. 46(b)(2), possess the requisite professional qualifications to render effective service to their clients, but whether there has been a waiver of sovereign immunity ... that would permit appellants to recover attorney fees pursuant to the EAJA for non-attorney practitioners not practicing under the supervision of an attorney.

Br. at 8–9. Nor does the Court's ensuing rejection of the appellant's legal arguments in this case regarding representation here by non-attorney practitioners suggest any view about the merit of the policy arguments presented in his reply brief.

## II. Analysis

The EAJA provisions pertinent to the issues presented in this appeal are:

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, *but not including the fees and expenses of attorneys,* may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(2) A judgment for costs, when awarded in favor of the United States in an action brought by the United States, *may include an amount equal to the filing fee* prescribed under section 1914(a) of this title. The preceding sentence shall not be construed as requiring the United States to pay any filing fee.

(b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a),* to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

(c)(1) Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for costs pursuant to subsection (a) shall be paid as provided in sections 2414 and 2517 of this title and shall be in addition to any relief provided in the judgment.

. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States *fees and other expenses, in addition to any costs awarded pursuant to subsection (a),* incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of *fees and other expenses* shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection. . . . The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

. . . .

(2) for the purposes of this subsection—

(A) *"fees and other expenses" includes* the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and *reasonable attorney fees* (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an in-

crease in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.) . . . .

. . . .

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; . . ."

. . . .

(F) "court" includes the United States Claims Court [now the U.S. Court of Federal Claims] and the United States Court of Veterans Appeals.

28 U.S.C. § 2412(a),(c)(1), (d)(1)(A),(B),(2)(A),(D),(F) (boldface emphasis added).

### A. EAJA Attorney–Fee Application for Mr. Marshall's Work

■ The appellant argues that attorney fees should be awarded pursuant to the EAJA for Mr. Marshall's work. Although, under 28 U.S.C. § 2412(d)(1)(A), attorney fees will be awarded only if the claimant is a "prevailing party" and if the government has not demonstrated that its position was "substantially justified", the Secretary contests the instant application as to Mr. Marshall's work only on the basis of Mr. Marshall's status as a non-attorney practitioner who was unsupervised by an attorney in representing the appellant before this Court. If the Secretary is correct, as this Court holds, the issues of "prevailing party" status or of the existence of "substantial justification" need not be addressed to resolve this particular issue (although those issues are addressed in part II.B.2., below, as part of the Court's disposition of the application for reimbursement of the Court's filing fee).

The appellant asks the Court to read the EAJA phrase "reasonable *attorney* fees" (emphasis added) as including fees for representation by an unsupervised *non-attorney* practitioner. He argues that, because courts have generally construed the EAJA as allowing recovery of attorney fees for the work of attorney-*supervised* law students and paralegals, the EAJA should also be construed as

allowing recovery of attorney fees for *un*supervised non-attorney practitioners. The appellant cites a number of cases in which courts have included law-student and paralegal work as part of an *attorney's* fee award. *See Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989) ("We thus take as our starting point the self-evident proposition that the 'reasonable attorney's fee' provided for by statute [there the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988] should compensate the work of paralegals, as well as that of attorneys."); *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir.1988) (approving EAJA attorney fee award for law-clerk and paralegal work performed under the supervision of attorneys), *judgment aff'd sub nom. Commissioner, INS v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Jordan v. U.S. Dep't of Justice,* 691 F.2d 514, 523 (D.C.Cir.1982) (approving award of attorney fees under the Freedom of Information Act (FOIA) for attorney-supervised clinical-law-student work); *Lindner v. Sullivan,* 799 F.Supp. 888, 893 (N.D.Ill.1992) (awarding EAJA attorney fees based on work of attorney-supervised law student); *Williams v. Bowen,* 684 F.Supp. 1305, 1307–08 (E.D.Pa. 1988) (including law-student intern's research and preparation work in EAJA attorney fees); *DiGennaro v. Bowen,* 666 F.Supp. 426 (E.D.N.Y.1987) (awarding EAJA attorney fees based on work of attorney-supervised clinical law students).

The appellant is correct in asserting that the attorney fees awarded under the EAJA, the FOIA, and the Civil Rights Attorney's Fees Awards Act in the above-cited cases included expenses incurred by attorney-supervised paralegals and law students. In construing identical or comparable provisions in those and other fee-shifting statutes, courts have generally found no distinction among those provisions for purposes of construing the term "attorney fees". *See, e.g., Crooker v. EPA,* 763 F.2d 16, 17 (1st Cir. 1985) (as to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, FOIA, 5 U.S.C. § 552(a)(4)(E), and EAJA); *Jones v. Lujan,* 883 F.2d 1031, 1036 (D.C.Cir.1989) (Silberman, J., concurring) ("I find no viable

distinction for purpose of this case between the term 'reasonable attorney fees' in FOIA, 5 U.S.C. section 552(a)(4)(E) (1982), and 'reasonable attorney fees' in EAJA, 28 U.S.C. section 2412(d)(2(A) (1982).")." However, the attorney fees in those cases were awarded for representation by an attorney or attorneys or by the clinical program operating under an attorney's direction. The appellant has not cited a case, and the Court has found none, awarding attorney fees under the EAJA, or any other federal fee-shifting statute, on the basis of representation by a nonattorney practitioner, such as Mr. Marshall, whose representation before the court was *not* supervised by an attorney.

The appellant characterizes the distinction between supervised and unsupervised nonattorney practitioners for EAJA-fee purposes as "inconsequential, insubstantial and arbitrary". Reply Br. at 19. The Court disagrees. There is no indication that Congress, in making the EAJA applicable to this Court in section 506 of the Federal Courts Administration Act (FCAA), Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) [hereinafter FCAA § 506], envisioned an award of attorney fees to *non-attorney practitioners.* In fact, as of the date of the enactment of the FCAA, no court had awarded attorney fees for unsupervised representation by a nonattorney practitioner.

When Congress used the phrase "reasonable *attorney* fees" in EAJA, 28 U.S.C. § 2412(d)(2)(A) (emphasis added), and thereafter made the EAJA applicable to this Court through FCAA § 506, it is presumed, according to Supreme Court and Federal Circuit precedent, to have been "knowledgeable about existing [statutory and case] law pertinent to the legislation it enact[ed]." *Goodyear Atomic Corp. v. Miller,* 486 U.S. 174, 184–85, 108 S.Ct. 1704, 1711–12, 100 L.Ed.2d 158 (1988) (state statutory law). *Accord Miles v. Apex Marine Corp.,* 498 U.S. 19, 32, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990) (federal statutory law); *U.S. Dep't of Labor v. Perini North River Assoc.,* 459 U.S. 297, 319–20, 103 S.Ct. 634, 648, 74 L.Ed.2d 465 (1983) (case law); *Cannon v. Univ. of Chicago,* 441 U.S. 677, 696–97, 99 S.Ct. 1946, 1957–58, 60 L.Ed.2d 560 (1979) (case law);

*V.E. Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1581 (Fed.Cir.1990) (case law), *cert. denied,* 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). Thus, when Congress made the EAJA applicable to this Court in 1992, we presume it was aware of case law restricting the phrase "reasonable attorney fees" to work performed or supervised by an attorney.

Second, we further presume that Congress was aware of its specific waiver of sovereign immunity to permit payment of attorney fees to non-attorney practitioners in the United States Tax Court, a court, such as the United States Court of Veterans Appeals, established under Article I of the U.S. Constitution. *See* 26 U.S.C. § 7441. Pursuant to 26 U.S.C. § 7430(c)(3), "fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service shall be treated as fees for the services of an attorney." (The Tax Court, as does this Court, permits practice before it by both attorneys and non-attorney practitioners. *See* Tax Court R. 200(a)(2), (3).) The appellant argues that this provision provides precedent for this Court to treat non-attorney practitioner fees in this Court as fees for the services of an attorney. Quite the contrary. Tax Court attorney-fee awards are not made pursuant to the EAJA; rather, they are made pursuant to a separate statutory provision applicable exclusively to the Tax Court. If Congress found it necessary to provide specifically for attorney-fee awards for unsupervised non-attorneys practicing before the Tax Court, its failure to enact a similar provision specifically applicable only to this Court, or as part of the EAJA attorney-fee provisions in general, must be interpreted as deliberate. *See Purtill v. Harris,* 658 F.2d 134, 138 (3rd Cir.1981) (concluding that omission of a provision in Age Discrimination in Employment Act, 29 U.S.C. § 633a, similar to Title VII provision, 42 U.S.C. § 2000e–16(c), permitting plaintiff to file federal-employment-discrimination suit in district court after filing complaint with the Equal Employment Opportunity Commission, was "intentional", "[a]lthough we have found no legislative history that reveals the reason why this difference exists"); *see also Florida Power &*

*Light Co. v. United States,* 846 F.2d 765, 768–69 (D.C.Cir.1988) (mitigating provision in earlier enactment of statute imposing nuclear reactor fees that was "noticeably absent" from later, related enactment not read into that enactment, but court relied on legislative history in concluding that "Congress did not intend" mitigating provision to apply to later statute). Therefore, the Court finds the existence of the Tax Court attorney-fee provision to be a virtually unassailable indication that Congress did not intend to permit the award of an "attorney" fee to a non-attorney practitioner before this Court, let alone having done so by a waiver of sovereign immunity, express or implied. Whether the Tax Court provision offers persuasive precedent for enactment by Congress of comparable legislation with respect to this Court is entirely a different matter.

Third, part of the background against which Congress enacted FCAA § 506 was Rule 46 of this Court's Rules of Practice and Procedure, which provides for the admission to practice and the entry of appearances in cases before the Court of certain non-attorney practitioners employed by an organization which, as is Mr. Marshall's employer here, the DAV, is chartered by Congress and is recognized by the Secretary of Veterans Affairs for claims representation. U.S.Vet. App.R. 46(b), (d). This rule was adopted by the Court, effective October 1, 1991. Misc. No. 8–91 (order dated Sept. 19, 1991). These rules were published in the Court's official Veterans Appeals Reporter. 1 Vet.App. XLVI–II, LVII–LX. In the face of this rule and Congress' presumptive knowledge of it, the failure of Congress when enacting the FCAA to deal specifically with fees under the EAJA for unsupervised non-attorney practitioners representing persons before this Court cannot be considered inadvertent.

Finally, as part of the context in which FCAA § 506 was enacted, the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 104(a), 102 Stat. 4105, 4108 (1988), in 1988 had clearly and explicitly permitted private fees to be paid "for services of agents [as well as] attorneys" in providing representation in administrative adjudication proceedings after the date on which the BVA "first makes a final decision" in a case. 38 U.S.C. § 5904(c)(1), (2). When Congress enacted the FCAA in 1992, it was silent on the payment by the government of fees under the EAJA for such "agents" at the very same time that it was providing for the recovery of "reasonable attorney fees" for representation in this Court.

The foregoing conclusion reached according to normal canons of statutory construction is buttressed by the Court's rationale in *Jones and Karnas v. Brown,* 6 Vet.App. 101, 106–07 (U.S.Vet.App.1993) (en banc) (*Jones and Karnas II* ). There the Court stated that under *Ardestani v. INS,* —— U.S. ——, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991), and *United States v. Nordic Village, Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992), a waiver of sovereign immunity found in the EAJA "must be strictly construed in favor of the United States" and must find "unequivocal expression" "in statutory text" and cannot be "supplied by committee report". *Ibid; see also Chiu v. United States,* 948 F.2d 711, 714 (Fed.Cir. 1991) ("EAJA provides a specific waiver of sovereign immunity . . ."). Under this standard, there can be no question that an explicit statutory waiver to permit such a payment of EAJA fees to unsupervised non-attorney practitioners was not enacted by Congress in FCAA § 506 as to this Court, or generally in the EAJA.

The appellant further points to the Supreme Court's statement in *Ardestani, supra,* that the " 'strong presumption that the plain language of the statute expresses congressional intent is rebutted only in 'rare and exceptional circumstances,' when a contrary legislative intent is clearly expressed" (citations omitted), and asserts, unconvincingly, that portions of the legislative history of the legislation, the VJRA, which established this Court, indicate that Congress "envisioned fees for attorneys and non-attorneys" and thus must have intended that EAJA attorney fees would be recoverable by non-attorney practitioners. Reply Br. at 5–6.

This argument falls short even on its own terms. First, it must be pointed out that the appellant's authority for the above-quoted as-

sertion is the following quote from a House Committee report:

> Proposed section 4012 ... would authorize the Court to establish rules governing admittance of persons representing petitioners before the Court, but the Court could not establish a rule requiring persons to be members of any profession in order to practice before the Court. Given the quality of representation of veteran service organizations representatives who presently appear before the BVA, the committee believes that many of these persons would be qualified to represent petitioners before the [Court].

H.R.Rep. No. 963, 100th Cong., 2d Sess. 31 (1988), 1988 U.S. Code Cong. & Admin. News, 5782, 5813. This quotation refers to fees only in terms of those payable as between private parties and not fees paid by the government. In this regard, the appellant notes that H.R. 5288, as reported by the House Committee on Veterans' Affairs and passed by the full House, would have specifically permitted non-attorney practitioners to practice before the Court in appealing agency benefits decisions. The appellant admits, however, that the VJRA as enacted did not contain this provision. Rather, it gave the new Court full discretion to decide who would be allowed to represent appellants before it. The compromise agreement on the legislation finally enacted, which is codified at 38 U.S.C. § 7263(b), provides:

> Representation of appellants shall be in accordance with the rules of practice prescribed by the Court under section 7264 of this title. In addition to members of the bar admitted to practice before the Court in accordance with such rules of practice, the Court may allow other persons to practice before the Court who meet standards of proficiency prescribed in such rules of practice.

(Section 7264(a) directs that Court proceedings "be conducted in accordance with such rules of practice and procedure as the Court prescribes." 38 U.S.C. § 7264(a).) Moreover, even had Congress specifically directed, and it did not, that non-attorney practitioners be permitted to practice before this Court, that would not have resolved, but only raised, the question whether a non-attorney practitioner unsupervised by an attorney could recover "reasonable *attorney* fees" from VA. 28 U.S.C. § 2412(d)(2)(A) (emphasis added). Finally, even if there were clear legislative history, and there is not, along the lines argued by the appellant, the Court's opinion in *Jones and Karnas II, supra,* would seem to preclude recourse to such legislative history. *See* part II.B.1., below. For all of the above reasons, the House Committee report most certainly does not amount to a clear expression of "contrary legislative intent", as required by *Ardestani, supra,* with regard to the attorney-fee question now before the Court.

Accordingly, the Court will dismiss that portion of the EAJA application that seeks attorney fees for Mr. Marshall's representation of the appellant in *Cook, supra. See Jones and Karnas II,* 6 Vet.App. at 107 (dismissing EAJA application as not within scope of sovereign-immunity waiver enacted by Congress).

### B. EAJA Application for Court Costs

■ **1. Applicability of 28 U.S.C. § 2412(a)(1) to this Court:** The appellant's EAJA application includes an application, made under 28 U.S.C. § 2412(a)(1), for recovery of the $50 filing fee paid to the Court in the underlying *Cook* appeal. *See* U.S. Vet. App.R. 3(e). In *Jones and Karnas v. Derwinski,* 2 Vet.App. 231, 233–35 (1992) (*Jones and Karnas I* ), the Court dismissed a bill of costs submitted under that authority, holding that no "provision [of EAJA] authorizes payment of a judgment for such an award made by the Court." 2 Vet.App. at 233. Although the Court's opinion in *Jones and Karnas I* was "vacated" by the Federal Circuit as to appellant Karnas, *see Karnas v. Principi,* 985 F.2d 582 (Fed.Cir.1992), the Circuit's action, in response to a joint suggestion by the parties that the case had become moot by virtue of the enactment of FCAA § 506, was in the nature of a remand for this Court to reconsider its opinion in *Jones and Karnas I* in light of the enactment of FCAA § 506. This Court's subsequent holding in *Jones and Karnas II,* that the FCAA § 506 amendment of EAJA section 2412(d)(2)(F) did not

apply to Mr. Karnas' EAJA application, amounted to an implicit determination that the parties were in error in contending that the case had been mooted by that enactment. Moreover, the Court notes that appellant Jones did not join in the appeal to the Federal Circuit, *see Jones and Karnas II*, 6 Vet. App. at 102, and that the section 2412(a) holding there was made as to Mr. Jones' application for costs. Hence, this Court's *Jones and Karnas I* opinion remains a binding Court precedent. In any event, the Court reaffirms the conclusion and the analysis in support thereof in that opinion that section 2412(a) was not, prior to the enactment of FCAA § 506, applicable to this Court. *See Jones and Karnas I, supra.*

That leads to the question whether the enactment of FCAA § 506 overruled *Jones and Karnas I* as to its holding that the Court was without jurisdiction to award a judgment for costs under EAJA section 2412(a) because "the EAJA does not contain an unambiguous waiver of sovereign immunity as to such [Court] proceedings." 2 Vet.App. at 231. In FCAA § 506, Congress passed legislation that very clearly amended only section 2412(d) as to EAJA applicability to this Court's proceedings. The amendment to section 2412(d)(2)(F) added the name of this Court to a definition of "court" expressly applicable "for the purposes of *this* subsection" (emphasis added). The reference to "this subsection" at the outset of paragraph (2) of subsection (d) refers only to subsection (d) and thus places a clear and unambiguous limitation on the applicability of the definitions in the following eight subparagraphs (A) through (H).

Although in *Jones and Karnas I* we recognized that the subsections of EAJA (section 2412) should not be read "in isolation", we also concluded that

> an examination of the development of the EAJA and the specific amendments to, and in connection with, the 1980 original enactment, shows that when Congress has provided for the application of the EAJA to analogous litigation (Claims Court, Tax Court, Social Security Administration ... decision review in district courts), it has done so by specific, affirmative legislation.

2 Vet.App. at 233. The provisions enacted in FCAA § 506 clearly fall short of being such specific, affirmative legislation as to the applicability of EAJA section 2412(a) to proceedings in this Court.

In a case involving interpretation of the EAJA, the Federal Circuit recently stated:

> Where the language of a statute is clear, the plain meaning of the language governs interpretation thereof: "[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2055, 64 L.Ed.2d 766 (1980). Where congressional intent would be thwarted absent reference to the legislative history, however, it is permissible to look beyond the specific language used, especially recognizing the Supreme Court's guidance that the EAJA be interpreted "in light of [the EAJA's] manifest purpose." *Sullivan, Secretary of Health & Human Servs. v. Hudson*, 490 U.S. 877, 890, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941 (1989). *This is no less true when attempting to determine the scope of the government's waiver of sovereign immunity. See, e.g., McDonald's Corp. v. United States*, 926 F.2d 1126, 1129–32 (Fed.Cir.1991) (rejecting the government's position that the plain language of 28 U.S.C. § 1491 must be interpreted without resort to the legislative history of the Tucker Act; Congress' intent was clearly evidenced from the legislative history, and would have been frustrated by a technical reading of the statutory language).

The present case is representative of a situation in which **congressional intent is clear, even though imprecisely couched in the statutory phraseology** of section 2412(b). The legislative history of the EAJA and the circumstances surrounding the passage thereof demonstrate that the drafters explicitly contemplated recovery of attorney fees against the government under circumstances **other than those narrowly revealed by the "terms of the statute" language.**

*M.A. Mortenson Co. v. United States,* 996 F.2d 1177, 1181 (Fed.Cir.1993) (boldface emphasis added). *See also Naekel v. Dep't of Transp.,* 845 F.2d 976, 981 (Fed.Cir.1988) (delving into legislative history of EAJA); *Gavette v. OPM,* 808 F.2d 1456, 1464–65 (Fed.Cir.1986) (en banc) (same).

As noted in part II.A., above, the Supreme Court stated in *Ardestani* that "the 'strong presumption' that the plain language of the statute expresses congressional intent is rebutted only in 'rare and exceptional circumstances,' when a contrary legislative intent is clearly expressed". ——— U.S. at ———, 112 S.Ct. at 520 (1991) (citations omitted). *See also Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991) ("When we find the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances."). To countermand such plain language, we would have to find the result to be otherwise "so bizarre that Congress 'could not have intended it' ". *Demarest, supra.*

The following is the entire legislative history of FCAA § 506. The Senate Judiciary Committee, which reported the FCAA on July 27, 1992, stated:

> A March 13, 1992, decision of the United States Court of Veterans Appeals (court), in *Jones and Karnas v. Derwinski [I],* denied the right of plaintiffs to *recover attorney fees* under the Equal Access to Justice Act (EAJA). This ruling has resulted in a substantial burden on veterans bringing cases to the court, aggravating the situation in which a majority of cases are being brought pro se, thereby creating additional work for the court.
>
> The objective of EAJA is *to eliminate financial deterrents to individuals attempting to defend themselves* against unjustified Government action. Veterans are exactly the type of individuals the statute was intended to help. Therefore, section 508 [enacted as section 506] amends EAJA to clarify that it applies to the Court of Veterans Appeals, *overruling* the *Jones and Karnas [I]* decision.
>
> The Committee intends to make clear that EAJA applies to the court *to the full extent of the law,* including the principles contained in *Sullivan v. Hudson,* and *Center for Science in the Public Interest v. Regan.*
>
> The intent of section 508 is to clarify the inclusion of the Court of Veterans Appeals as a "court" for purposes of EAJA. It is not the intent of the committee, by specifying the Court of Veterans Appeals, to exclude any other nonarticle III courts having jurisdiction of an action from qualifying as a "court" under EAJA.

S.Rep. No. 342, 102d Cong., 2d Sess. 39–40 (1992) (footnotes omitted) (emphasis added).

The House Judiciary Committee then stated in its report, filed on October 3, 1992:

> A March 13, 1992, decision of the United States Court of Veterans Appeals, *Jones v. Derwinski,* denied the right of plaintiffs *to recover attorneys' fees* under the Equal Access to Justice Act (EAJA). This ruling has resulted in a substantial burden on veterans bringing cases to the court and has resulted in a majority of cases being brought *pro se,* creating additional work for the court.
>
> The objective of EAJA is *to eliminate financial deterrents to individuals attempting to defend themselves* against unjustified government action. Veterans are among the types of individuals the statute was intended to help. Therefore, section 508 [enacted as section 506] amends EAJA and clarifies that it applies to the Court of Veterans Appeals.

H.R.Rep. No. 102–1006, 102d Cong., 2d Sess. 25 (1992), 1992 U.S. Code Cong. & Admin. News, 3921, 3934 (emphasis added).

As noted in part II.A., above, in *Jones and Karnas II,* this Court concluded that the above-referenced *Ardestani* "narrow" use of legislative history in construing waivers of sovereign immunity had been terminated by statements in *Nordic Village,* ——— U.S. at ———, 112 S.Ct. at 1016. Even if resort to legislative history were permissible, however (as two judges thought in *Jones and Karnas II, see* concurring opinion of Kramer, J., and dissenting opinion of Steinberg, J.), still, for the following reasons, we would not find such a clear and unequivocal expression of legisla-

tive intent as would be necessary in order to override the plain meaning of a statute.

It is true that the Senate Committee report indicated an intent to "overrul[e]" *Jones and Karnas I;* "to eliminate financial deterrents to individuals attempting to defend themselves against unjustified Government action"; and to apply EAJA to this Court "to the full extent of the law". S.Rep. No. 342, *supra.* However, this legislative history is not sufficiently unambiguous to override the clearly limiting words of the statute itself. First, the House legislative history is basically silent on the scope of the amendment. *See* H.R.Rep. No. 102–1006, *supra.* Second, even the Senate Committee report (as well as the House Committee report) makes specific reference only to the "the right of [appellants] to recover attorney fees" for representation in this Court as having been "denied" by *Jones and Karnas I.* S.Rep. No. 342, *supra;* H.R.Rep. No. 102–1006, *supra.* Third, the legislative history in both houses is totally silent as to "expenses" or "costs" being separately recoverable.

We concede that we can think of no policy justification why Congress might have made only subsection (d) and not the other subsections of section 2412 applicable to this Court. However, since subsection (d) generally allows recovery for almost all aspects of attorney fees and litigation expenses, *Oliveira v. United States,* 827 F.2d 735 (Fed.Cir.1987) ("reasonable and necessary expenses . . . customarily charged to the client"), even though they also might be recoverable under subsection (a) or (b), *see* part II.B.2., below, we cannot conclude that applying the FCAA § 506 amendment literally to be applicable only to subsection (d) would produce a result "so bizarre that Congress could not have intended it". *Smith (Edward) v. Derwinski,* 2 Vet.App. 429, 432 (1992) (quoting *Demarest, supra* ).

Under these circumstances, the Court cannot find the requisite degree of total clarity or "bizarre result" which must exist for legislative history to override express statutory terms (if it ever could do so as to a sovereign-immunity waiver), and *Jones and Karnas I* continues to be binding precedent as to the Court's lack of jurisdiction to award a judgment for costs under 28 U.S.C. § 2412(a).

Accordingly, we will also dismiss that portion of Mr. Cook's EAJA application that seeks recovery of "costs" under section 2412(a).

**2. Recovery of "costs" under 28 U.S.C. § 2412(d)(1)(A):** It seems clear that even though the appellant cannot recover attorney fees under section 2412(d) he may still be entitled to recover litigation expenses under that provision. *See Naekel,* 845 F.2d at 981 (permitting "reimbursement" of litigation expenses and costs [under] . . . § 2412(d)(1)(A)" as not being "dependent on whether [appellant] was representing himself" and thus entitling non-attorney applicant to an award of expenses even though he could not recover attorney fees); *see also Gavette,* 808 F.2d at 1461 (awarding attorney fees under the Back Pay Act, 5 U.S.C. § 5596(b)(1), *sua sponte,* after rejecting application for such fees under EAJA).

■ In order to be entitled to an award under section 2412(d)(1), the appellant must have filed a timely application, must be the "prevailing party" in the underlying appeal in *Cook, supra,* and must "allege that the position of the United States was not substantially justified". 28 U.S.C. § 2412(d)(1)(A), (B). The appellant has satisfied all of these prerequisites: First, he submitted his application on June 11, 1993—within 30 days after the Court's final judgment in *Cook, supra,* which became unappealable to the Federal Circuit on May 18, 1993 (60 days after the Court's March 19, 1993 judgment, *see* 28 U.S.C. § 2412(d)(2)(G) (defining "final judgment" as a judgment that is "final and not appealable"); 38 U.S.C. § 7292(a); Fed. R.App.P. 4(a)(1)). Second, he was "the prevailing party", having not only achieved a remand to the BVA for further adjudication in *Cook, supra (see Shalala v. Schaefer,* —— U.S. ——, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (Social Security claimant is "prevailing party" under section 2412(d)(1)(A) on the basis of having had claim remanded by District Court to HHS Secretary for further adjudication)), but also having secured the Court's reversal of the BVA decision as "clearly erroneous" insofar

as it denied service connection for a nervous disorder and insofar as it found that an ulcer was not manifested within one year following discharge, *Cook,* 4 Vet.App. at 238. Third, the appellant has alleged that "the VA's position with respect to summary affirmance was not substantially justified" in the underlying appeal. Application, at 6.

■ On the question of "substantial justification" for the "position of the United States", the latter term is defined to mean "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based;...." 28 U.S.C. § 2412(d)(2)(D). Once the appellant has alleged that the government's position was not substantially justified, the burden shifts to the United States to demonstrate that its position *was* substantially justified. *See Massachusetts Fair Share v. Law Enforcement Assistance Admin.,* 776 F.2d 1066, 1068 (D.C.Cir.1985); *Devine v. Sutermeister,* 733 F.2d 892, 894 (Fed.Cir.1984); *Pope v. R.R. Retirement Bd.,* 744 F.2d 868, 870 (D.C.Cir. 1984); *Houston Agric. Credit Corp. v. United States,* 736 F.2d 233, 235 (5th Cir.1984); *Boudin v. Thomas,* 732 F.2d 1107, 1115 (2d Cir.1984).

The Supreme Court has defined the term "substantially justified" as meaning " 'justified in substance or in the main' ... justified to a degree that could satisfy a reasonable person". *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *see also Comm'r, INS v. Jean,* 496 U.S. 154, 158 n. 6, 110 S.Ct. 2316, 2319 n. 6, 110 L.Ed.2d 134 (1990); *Gavette,* 808 F.2d at 1467–68. In this case, the Secretary has not presented a "substantially justified" defense. His brief expressly stated under "ISSUES NOT CONTESTED BY THE SECRETARY":

  III. The Secretary Does Not Contest The Fact That "Special Circumstances" As Defined by 28 U.S.C. § 2412(d)(1)(A) Would Make An Attorney Fee Award Unjust.

  . . . .

  V. Based On The Unique Facts and Litigation Posture Of This Case, The Secretary Does Not Contest The Issue of Whether The Secretary's Position Was Substantially Justified.

Response, at 3. We thus need not decide whether the Secretary's position in *Cook* was "substantially justified", either in the administrative adjudication process (where the Board made dispositive negative determinations as to service connection that this Court held were "clearly erroneous" because they lacked a "plausible basis in the record", *Cook,* 4 Vet.App. at 231, 237, 238 (citing *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990)), or in the litigation of the appeal here (where the Secretary filed a motion "for summary affirmance", *Cook,* 4 Vet.App. at 232, for which the Court's criteria require that the case be one "of relative simplicity", the outcome of which "is not reasonably debatable", *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990), and which motion the Court specifically denied because it held that "summary disposition [was] inappropriate ... under ... *Frankel*", *Cook,* 4 Vet.App. at 232, 238).

■ That leaves the question whether court costs, such as this Court's filing fee, are recoverable as "expenses" under section 2412(d)(1)(A). Since it is clear that subsection (a) would permit inclusion, without limitation, of a court filing fee in a "judgment for costs" (*see* 28 U.S.C. § 1920(1), (5) ("Fees of the clerk"; "Docket fees under section 1923 of this title"); 28 U.S.C. § 2412(a)(2) (judgment for costs may include "filing fee prescribed under section 1914(a) of this title")), we must decide whether the fact that an expense is recoverable as part of "costs" under section 2412(a), as enumerated in 28 U.S.C. § 1920, precludes the award of that cost item as part of "expenses" under section 2412(d)(1)(A). We hold that it does not.

Starting with the statute, a straightforward reading of section 2412(a), (b), and (d)(1)(A) and (2)(A) does not suggest exclusivity of coverage as to costs as among the subsections of section 2412 and specifically as between subsections (a) and (d). First, the definition of "fees and other expenses" as that phrase is used four times in subsection (d)(1)(A) and (B) does not provide any enlightenment as to what such "other expenses" are, other than that they *include* "the reasonable expenses" of certain expert

238

witnesses and "the reasonable cost" of certain studies, analyses, reports, tests, or projects. Since the definition is *in*clusive rather than *ex*clusive, it is not helpful in determining what else is included within the partially defined term. *See Oliveira*, 827 F.2d at 744 (section 2412(d)(2)(A) provides "examples" and "not an exclusive listing"); *Aston v. Secretary of HHS*, 808 F.2d 9, 12 (2d Cir.1986) (same); *see also Poole v. Rourke*, 779 F.Supp. 1546, 1573 (E.D.Cal.1991).

Second, the term "expenses of attorneys", used to make an exclusion from a subsection (a) judgment for costs, is the exact term used in subsection (b) to describe what may be awarded thereunder against the United States under common law or statute "in addition to the costs which may be awarded pursuant to subsection (a)". Hence, this cross reference is most naturally read as referring to subsection (b), not (d). Second, since subsection (d)(1) does not similarly limit "expenses" awardable thereunder to those "of attorneys", the context in which the term "other expenses" is used in subsection (d) clearly suggests that it covers more than expenses "of attorneys".

The subsection (a) express exclusion of "the fees and expenses of attorneys" thus probably does no more than prohibit actual double reimbursement under subsections (a) and (b). A similar conclusion seems in order as to the subsection (d)(1)(A) language "in addition to any costs awarded pursuant to subsection (a)". The term used is "awarded" not "awardable". Hence, the section 2412 phraseology seems to anticipate overlapping coverage of some costs/expenses as between subsections (a) and (d). Alternatively, the "in addition to" phrase might have been inserted in subsection (d) (as it was in subsection (b)), merely out of an abundance of caution so that there would be no doubt that a judgment for costs under subsection (a) would not preclude an award under subsection (d) (or subsection (b)) if the criteria of that subsection were satisfied. In either event, the "in addition to" language in subsection (d) does not cut against overlapping coverage of certain costs. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1011 (5th Cir.1982) (holding that "the

basic categories of costs listed in [section 1920]" "may be recovered only [to the extent that] ... they are allowed by that section").

Further militating in favor of a conclusion that there is an overlap between subsections (a) and (d) is that subsection (a) is entirely discretionary whereas subsection (d) is mandatory (if its more stringent criteria are satisfied); that a court cost is clearly, on its face, one of "the expenses" of litigation and is not an expense "of attorneys" as covered under subsection (b) and excluded from subsection (a); and the fact that a primary dictionary definition of "expense" is "cost" or "charge" [BLACK'S LAW DICTIONARY 577 (6th ed.1991) ].

Finally, the weight of case law suggests that all "legal expenses ordinarily arising in the course of providing legal services" to a client are recoverable under EAJA section 2412(d)(1)(A) as "expenses", *Oliveira*, 827 F.2d at 743, even though some of those items might also be recoverable under subsection (a). *See Aston*, 808 F.2d at 12 (citing *Int'l Woodworkers of America v. Donovan*, 769 F.2d 1388, 1392 (9th Cir.1985) for the proposition that the allowable expenses set out in § 2412(d)(2)(A) are not exclusive); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986) (court fees of $130 awarded as part of EAJA section 2412(d) award); *Sorich v. Shalala*, 838 F.Supp. 1354, 1360 (D.Neb.1993) (filing fees advanced by counsel awardable under section 2412(d), even though also taxable against the government under subsection (a), but not recoverable twice); *Kendig v. Shalala*, No. 92–3763, 1993 WL 289854 * 1, 2, 1993 U.S.Dist. LEXIS 10307, * 3, 10 (E.D.Pa.1993) ("filing fees ... are reimbursable" under section 2412(d)); *cf. Keyava Constr. Co. v. United States*, 15 Cl.Ct. 135, 140 (1988) (section 2412(d)(1)(A) does not authorize recovery of photocopying costs as "expenses" when merits judgment had excluded award of "costs" and where parties' stipulation had resolved "all claims" arising out of the action except EAJA "attorneys' fee and expenses" and did not save a claim for "costs" under section 2412(a), which, via section 1920(4), includes fees "for exemplification and copies of papers necessarily obtained for use in the case"); *see also Copper Liquor*, 684 F.2d at 1098

("'expenses,' in the legal sense, include all of the expenditures made by a litigant in connection with the action[; t]hese include costs, which are normally recoverable; 'fees,' the amounts paid the court ... for charges ... usually reimbursed incident to recovery of 'costs'; and expenditures ... not normally recoverable from an opponent but [which] must be borne by the litigant ...").

We do not read the Federal Circuit's opinion in *Bennett v. Dep't of the Navy*, 699 F.2d 1140, 1144 (Fed.Cir.1983), as holding to the contrary. There the court held that the "expenses" which it construed as *implicitly* recoverable as part of "reasonable attorney fees" authorized to be paid by a federal agency for a complainant's representation in administrative proceedings before the Merit Systems Protection Board (MSPB) did not include "the award of those 'expenses' considered to be 'taxable costs'" under 28 U.S.C. § 1920. The Court reasoned that, because the latter section applied only to judicial proceedings and not to administrative proceedings, "the United States ha[d] not waived its sovereign immunity with respect to taxable costs in administrative proceedings". *Ibid.*

Although the Court's holding, and the fact that it sought guidance from EAJA by examining section 2412(a) and (d), might seem pertinent to the issue whether "costs" under section 2412(a) and "expenses" under section 2412(d) are coextensive, careful analysis of the Federal Circuit's opinion in *Bennett* shows otherwise. First, in *Bennett* the appellant applied for an award of attorney fees under 5 U.S.C. § 7701(g)(1), not the EAJA, for representation before the MSPB. Section 7701(g)(1) provided for payment by the agency to a prevailing party only "of reasonable attorney fees" when certain criteria were satisfied; it did not mention "expenses". Second, *Bennett* dealt with the question of which expenses or costs were allowable in *administrative* proceedings as part of "attorney fees" in contrast to costs specifically made taxable in *judicial* proceedings. Third, the *Bennett* court was determining the scope of a term, "expenses", that it was reading into the statute rather than

the scope of that term as expressly legislated by the Congress in 28 U.S.C. § 2412(d)(1)(A).

Fourth, even if *Bennett* stands for the proposition that a more general "expenses" provision will not be read to cover the kinds of expenses provided for in a separate, more specific "costs" provision, such a proposition would not defeat recovery of court costs as part of "expenses" under EAJA section 2412(d) because that subsection expressly provides for awarding expenses "in addition to any costs awarded [not "award*able*"] pursuant to subsection (a)", a cross reference which clearly sanctions awarding under subsection (d) the type of costs award*able* under subsection (a). The case of *Copper Liquor, supra*, on which the Federal Circuit expressly relied in *Bennett*, buttresses this distinction between "awarded" and "awardable". The Fifth Circuit in *Copper Liquor*, after holding that the term "the cost of suit, including a reasonable attorney's fee" in the Clayton Act, 15 U.S.C. § 15, covers types of costs other than those taxable under 28 U.S.C. § 1920 and generally embraces "all the ordinary and reasonable expenses of litigation", *Copper Liquor*, 684 F.2d at 1100, went on to hold that "the basic categories of costs listed in [section 1920]" "may be recovered only [to the extent that] ... they are allowed by that section." *Id.* at 1101. (For example, the court held that costs of copying or of depositions beyond the costs for those purposes that are recoverable under section 1920 "must be borne by the litigant or counsel." *Ibid.*) This holding, which emerged from the court's reasoning that to decide otherwise would "eliminate[ ] the significance of § 1920 whenever an attorneys' fees award is authorized", is a far cry from a determination that where only section 2412(d) "expenses" are recoverable any costs which would have been allowable under subsection (a) of section 2412, had it been applicable to this Court's proceedings, are not recoverable under subsection (d). To the contrary, it would be far more consistent with the analysis and holding of *Copper Liquor* to hold that any category of costs under subsection (a)/section 1920 is recoverable as an expense of litigation under subsection (d) to the extent, and only to the extent, that it would have been recoverable under subsection (a)

had it been applicable. As we concluded earlier in part II.B.2. above, a Court filing fee is recoverable without limitation under both subsection (a) and section 1920.

Hence, we conclude that *Bennett* does not apply in determining what is recoverable under EAJA section 2412(d)(1) as distinguished from what is recoverable under section 2412(a). Accordingly, we will grant under 28 U.S.C. § 2412(d)(1)(A) that portion of the EAJA application that seeks recovery of the appellant's payment of this Court's $50 filing fee.

### C. EAJA Attorney–Fee Application of Attorney Smith

The EAJA application of Mr. Smith for his work in preparing the EAJA application presents two questions: "fees for fees" and "fees for expenses". It is unquestioned that EAJA fees are available for litigation over the EAJA application itself and that an award of fees and expenses for that purpose would generally follow from success in the basic EAJA application itself. In *Jean*, 496 U.S. at 162, 110 S.Ct. at 2321, the Supreme Court, treating a "fees for fees" application as "part and parcel" of the basic EAJA application (quoting *Sullivan v. Hudson*, 490 U.S. 877, 888, 109 S.Ct. 2248, 2256, 104 L.Ed.2d 941 (1989)) and as "a component part of an integrated case", *id.* 496 U.S. at 157, 110 S.Ct. at 2318, held that "Congress intended EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Id.* at 166, 110 S.Ct. at 2323.

**1. Attorney fees for Mr. Smith's preparation of EAJA attorney-fee application:** Given that Mr. Smith is an attorney, the question is whether the corollary is true: Without success in the underlying EAJA attorney-fee application, *see* part II.A., above, can the appellant succeed in the "fees for fees" application? We hold that the answer is "no" based on virtually any analysis of the statute.

That question was faced squarely by the District of Columbia Circuit a year ago in *Anthony v. Sullivan*, 982 F.2d 586 (D.C.Cir. 1993). There, the court, relying on a footnote in *Jean, supra,* specifically ruled out EAJA attorney fees for that portion of a civil action that was seeking attorney fees and was unsuccessful (a Title VII–based attorney-fee application) while permitting "fees for fees" in connection with the successful portion, which was allowed under the EAJA. *Anthony,* 982 F.2d at 589–90. In essence, the court held that EAJA section 2412(d) provided only for "reasonable" attorney fees and that it would not be "reasonable" to award a fee "for work done on claims on which the party did not prevail". *Id.* at 589 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434–36, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983)). This "bright-line exclusion of fee reimbursement for unsuccessful aspects of a case", the *Anthony* court held, "was specifically applied to fee litigation by *Jean* ", *Anthony,* 982 F.2d at 590, where the Supreme Court stated in a footnote, after citing *Hensley:*

> [F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation. For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate.

*Jean,* 496 U.S. at 163 n. 10, 110 S.Ct. at 2321 n. 10.

Not only does the Supreme Court analysis in *Jean* preclude an award of "fees for fees" in this case, but, were we to analyze the "fees for fees" application independently under section 2412(d)(1)(A)—an analysis that seems out of line with the reasoning in *Jean, supra*—it also seems clear that permitting attorney fees for attorney representation in the EAJA application which was itself unsuccessful in securing attorney fees for representation by Mr. Marshall in the underlying successful appeal in *Cook, supra,* would be inconsistent with the "prevailing party" prerequisite in 28 U.S.C. § 2412(d)(1)(A). Having not prevailed, by virtue of the holding in part II.A., *supra,* in his EAJA application for attorney fees, the only way that the appellant could be considered the "prevailing party" as to the application for attorney fees in connec-

tion with the unsuccessful EAJA attorney-fee application would be by virtue of his successful appeal in the underlying appeal in *Cook, supra.* The connecting link between the "fees for fees" application and the underlying successful appeal in *Cook, supra,* is the basic EAJA section 2412(d)(1) application for fees in connection with Mr. Marshall's representation. The invalidity of that latter application breaks the link, removes the "privity", between the "fees for fees" application and the underlying successful appeal in *Cook, supra.*

Moreover, even if that were not so, it would be difficult to see how the Court could find other than in favor of the Secretary on the basis that "special circumstances make an award [of "fees for fees"] unjust". 28 U.S.C. § 2412(d)(1)(A).

Accordingly, we will deny the "fees for fees" portion of the appellant's EAJA application submitted under section 2412(d).

■ *2. Attorney fees for Mr. Smith's preparation of EAJA Court expenses and costs application:* However, the above analysis is not applicable to Mr. Smith's work in preparing that portion of the EAJA application which sought reimbursement for the payment of this Court's $50 filing fee, since we have held in part II.B.2., above, that that application, although not cognizable in this Court under section 2412(a), will be allowed as an award of "expenses" under section 2412(d)(1)(A). The appellant has sought fees for seven hours of Mr. Smith's time for preparation of the EAJA application, at a rate of $75.18 per hour, which is double his hourly rate of compensation. *See* Application, Smith Aff. at 2. We are prepared to award the appellant $75 per hour (*see* 28 U.S.C. § 2412(d)(2)(A)) (computation of attorney-fee awards shall be based on the prevailing market rate, but no award in excess of $75 unless a higher fee is justified) for so much of Mr. Smith's time expended preparing that application as may be reasonably attributable to the "expenses" portion. *See Goodrich v. Dep't of the Navy,* 733 F.2d 1578, 1579 (Fed. Cir.1984) (court implicitly approved MSPB award of attorney fee, for in-house-organization counsel's representation, calculated on the basis of the employee's hourly salary rate doubled to reflect overhead costs), *cert. de-*

*nied,* 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 965 (1985). In view of the fact that the court has been able to grant only a trivial part of the EAJA relief sought by the appellant, and in consideration of all relevant factors, the Court, in the exercise of its discretion, attributes one of the seven hours to that purpose and hence will award $75 in attorney fees ("fees for expenses") under section 2412(d)(1) to the appellant for the preparation of the EAJA application.

### III. Conclusion

In light of the specific EAJA phrase "reasonable attorney fees" and in the absence of a waiver of sovereign immunity in the EAJA, the VJRA, or FCAA § 506, the Court holds that it is without jurisdiction to allow an award of attorney fees under 28 U.S.C. § 2412(d) for representation by non-attorney practitioners unsupervised by an attorney, or, as decided in *Jones* and *Karnas I, supra,* to award a judgment for costs (here this Court's filing fee) under 28 U.S.C. § 2412(a). Accordingly, the Court dismisses those portions of the appellant's EAJA application that seek attorney fees for non-attorney representation and "costs". So much of the application as seeks "fees for fees" for Mr. Smith's work is denied. So much of the application as seeks reimbursement for "expenses" (the $50 filing fee) under 28 U.S.C. § 2412(d)(1)(A) is granted, and so much of the application as seeks "fees for expenses" based on one hour of Mr. Smith's work is also granted in the amount of $75 under that section. Therefore, the EAJA application is dismissed in part, denied in part, and granted in part. The Secretary is directed to award the appellant $125 for attorney fees and expenses under section 2412(d).

DISMISSED IN PART, DENIED IN PART, AND GRANTED IN PART.