**In the Matter of the FEE AGREEMENT of Albert K. BATES in Case Number 96–1635.**

No. 97–2113.

United States Court of Veterans Appeals.

Dec. 8, 1997.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

PER CURIAM.

On October 10, 1997, the Court received correspondence from Mrs. Dorothy Stanco, which the Court will treat as a petition to resolve a dispute regarding the amount of any fees payable by her to attorney Albert K. Bates pursuant to 38 U.S.C. § 5904 and her fee agreement with attorney Bates, and the relationship of any such fees to any payment of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

Mrs. Stanco was the appellant before this Court in *Stanco v. Brown,* U.S. Vet.App. No. 93–534, 8 Vet.App. 146 (remanded July 25, 1995). While awaiting readjudication at the Board of Veterans' Appeals (BVA or Board) of the subject matter involved in No. 93–534, she filed a petition for extraordinary relief on December 4, 1996, which the Court dismissed on joint motion pursuant to the parties' settlement of the dispute. *Stanco v. Brown,* U.S. Vet.App. No. 96–1635 (dismissed Mar. 13, 1997).

The Court notes that on December 16, 1996, attorney Albert K. Bates, Esq., a member of the bar of this Court, filed a Notice of Appearance on behalf of Mrs. Stanco in No. 96–1635 and attached to it a copy of a fee agreement, dated October 5, 1992, between him and Mrs. Stanco for representation on her "entitlements for veterans benefits". That agreement bore the heading "Before the Department of Veterans Affairs [ (VA) ] Board of Veterans Appeals" and provided that attorney Bates would be entitled to a contingency fee of 20% "of the total amount of any past-due benefits which may be awarded." The Court also notes that on April 4, 1997, attorney Bates filed in the Court in No. 96–1635 an application for attorney fees and expenses under the EAJA, and that that application was dismissed by the Court on May 6, 1997, based on a May 5, 1997, joint motion of the parties. According to Mrs. Stanco's letter and attachments to it, VA apparently paid attorney Bates $9,000 in EAJA fees and expenses in connection with litigation over No. 96–1635 in the Court.

This Court presently has no jurisdiction over the aforementioned fee matters because no case is currently pending before the Court to which those matters relate. *See In the Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 366 (1997) ("neither section 5904 nor any other section of title 38 confers jurisdiction upon the Court to review an attorney–fee agreement absent a final Board decision over which the Court has jurisdiction"); *In re Fee Agreement of Wick,* 40 F.3d 367, 371–72

(Fed.Cir.1994) (Court had no jurisdiction over fee agreement pertaining to case once Court's appellate jurisdiction as to case itself has been terminated); *cf. Mayer v. Brown,* 37 F.3d 618, 620 (Fed.Cir.1994) (Court has no jurisdiction over actions of BVA Chairman absent Court jurisdiction over underlying BVA decision). *See also In the Matter of Fee Agreement of Smith,* 1 Vet.App. 492, 496 (1991) (per curiam) (as to availability of Court review of Board decisions on fee agreements).

On consideration of the foregoing, it is

ORDERED that the petition is DISMISSED for lack of jurisdiction. The Court notes that its recent opinion in *Shaw v. Gober,* 10 Vet.App. 498 (1997), may bear on matters that may be in dispute between the complainant and attorney Bates. A copy of the opinion in *Shaw, supra,* is attached to the copy of this order sent to both Mrs. Stanco and attorney Bates.