**Angeline P. CARPENTER, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–95.**

United States Court of Veterans Appeals.

Nov. 24, 1998.

Before KRAMER, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM:

On December 12, 1996, the appellant, through counsel, filed a Notice of Appeal as to an October 20, 1995, decision of the Board of Veterans' Appeals. On March 24, 1998, this Court vacated that decision and remanded the matter for readjudication. *Carpenter v. West,* 11 Vet.App. 140 (1998). The appellant, through counsel, applied on June 18, 1998, for an award of reasonable attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). A fee agreement may be reviewed by this Court in the context of an EAJA application. *See Shaw v. Gober,* 10 Vet.App. 498, 500, 502 (1997); *cf. In re Fee Agreement of Bates,* 10 Vet.App. 547 (1997) (Court had no jurisdiction to consider fee agreement because no case was pending before Court to which agreement related).

The fee agreement, dated February 26, 1996, between the appellant and her counsel, Stephen L. Purcell of the Disabled American Veterans (DAV), filed on February 28, 1996, stated: "The Disabled American Veterans shall have the right to claim attorney fees or expenses, based upon the appeal which is the subject of this Agreement, to the full extent that such rights are conferred upon Appellant by the [EAJA]." Fee Agreement at 1. This provision appears to be, in effect, an assignment of the right to file an EAJA application from the appellant to her counsel. In addition, the fee agreement also stated: "Appellant agrees to, and hereby does, assign his [sic] rights under [EAJA] to the Disabled American Veterans." *Ibid.*

In *Shaw v. Gober,* the Court, after the fee agreement in this case had been filed, found " 'unreasonable' on its face under [38 U.S.C. § ] 7263(d) because it conflicts with section 2412(d)(1)" and declared unenforceable a provision requiring the client in *Shaw* to execute "any and all" EAJA documents. The Court held that "the law gives the EAJA cause of action and standing to the client ... and the attorney cannot amend the law by bestowing such standing on the attorney". *Shaw,* 10 Vet.App. at 506; *accord In the Matter of the Fee Agreement of Mason,* 11 Vet.App. 514, 516 (1998) *(Fee Agreement of Mason); see also Oguachuba v. INS,* 706 F.2d 93, 97–98 (2d Cir.1983) ("Whether an award of attorney fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client.... [But] counsel has no standing to apply to the public fisc for payment."); *Similes v. West,* 11 Vet.App. 115, 118 (1998) (citing *Shaw, supra,* and noting that "because an EAJA claim belongs to the appellant, control of an EAJA litigation may not be ceded to an attorney"). The Court notes that in the first provision quoted above the agreement purports to transfer such a right to the DAV "to the full extent that such rights are conferred upon Appellant by [EAJA]". Because the EAJA does not give the appellant a right to make such a transfer, that provision in the fee agreement might be susceptible to the construction that it does not authorize such a transfer and, for that reason, is not unreasonable as a forbidden assignment. However, the second provision appears unequivocally to "assign" the appellant's "rights under [the EAJA]" to the DAV and thus appears to run afoul of *Fee*

*Agreement of Mason, Similes,* and *Shaw,* all *supra,* and thus may be unreasonable. Accordingly, it does not appear that the first provision bears the above construction when read in context with the second. That raises another problem regarding the first provision.

The first provision also appears to permit the DAV to retain any EAJA payment for reimbursement of expenses even if the client has already paid such expenses, such as for the Court's $50 filing fee or expenses prior to the entry of counsel into this case. *See Cook v. Brown,* 6 Vet.App. 226, 236–40 (1994) (permitting pro se appellant to receive EAJA reimbursement of litigation expenses). To the extent that this provision would authorize the DAV to claim EAJA reimbursement for expenses paid by the appellant and not the DAV, it "would impermissibly mix fees with costs and expenses, items that are treated separately in the EAJA". *Shaw,* 10 Vet.App. at 505. As *Shaw* concluded: "To the extent that an EAJA award is made for costs and expenses advanced by the client, such costs and expenses must be turned over to the client. Otherwise, the attorney would be essentially converting an EAJA-expense award into an attorney-fee award". *Ibid.* Hence, this provision is "contrary to law and thus unenforceable on its face under section 7263(d)." *Ibid.*

In view of the foregoing, the Court believes that the above provisions transferring the EAJA cause of action may be unreasonable and unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant either file an amended fee agreement that meets the concerns raised in this order or show cause why such a filing is not necessary. It is further

ORDERED that this case be held in abeyance pending receipt of the appellant's reply.